No. 21,035.

THE STATE OF KANSAS, *Appellee*, v. ROY SHIVES, *Appellant*.

SYLLABUS BY THE COURT.

1. LIQUOR PROSECUTION—*Evidence Warranted Conviction.* In a prosecution for the sale of intoxicating liquor the evidence held sufficient to sustain a conviction, although the witnesses who drank it professed not to be certain as to the character of the beverage sold.

2. SAME—*Circumstantial Evidence—Instructions.* The omission to give an instruction regarding circumstantial evidence held not to have constituted error.

3. SAME—*Opinion Evidence.* Testimony regarding a fact is not to be characterized as opinion evidence because the witness undertakes to give only his belief in the matter.

4. SAME—*Remark of Trial Judge—Not Prejudicial Error.* A remark by the trial judge suggesting a doubt of the candor of a witness held to have had a sufficient basis to prevent its constituting error.

Appeal from Reno district court; FRANK F. PRIGG, judge. Opinion filed May 12, 1917. Affirmed.

*Carr W. Taylor*, of Hutchinson, for the appellant.

*S. M. Brewster*, attorney-general, and *H. E. Ramsey*, county attorney, for the appellee.

The opinion of the court was delivered by

MASON, J.: Roy Shives appeals from a conviction upon a charge of selling intoxicating liquor, made a felony by prior convictions.

1. The principal contention of the defendant is that the evidence did not warrant the verdict. There was abundant proof of his having sold four bottles of some kind of beverage, which the jury obviously found to have been beer, and the sole question involved in this assignment of error is whether there was any substantial evidence to support that finding. The person who bought it testified that he asked for beer and paid the defendant one dollar for the four bottles, but that he did n't know whether it was beer or not—that he could n't tell for sure. Another witness who helped drink it said that at the time he thought it was beer, but that he did n't know—that he

could n't swear what it was. Another said that he did n't know what it was; that he did n't know beer when he drank it; that it might have been "two per cent, or something like that." There was also evidence that it was in Schlitz beer bottles. The jury doubtless concluded, and were warranted in the conclusion, that the witnesses entertained no real doubt that the beverage was just what they bought and drank it for, but undertook to find justification in their own minds for their uncandid awowal of ignorance by reflecting that not having exact scientific knowledge on the subject they could not be absolutely certain about it—a form of perjury formerly quite common in such prosecutions, but happily less frequent in later years. The statement of a witness that he thought at the time that what he drank was beer was some evidence of the fact, and its weight was for the jury.

2. Complaint is made of the omission of the court to give an instruction concerning the effect of circumstantial evidence. No instruction was asked on that subject, but it is urged that one should have been included in the general charge, as it was incumbent upon the court to instruct on all material matters. The state relied on direct evidence of the offense charged. So far as circumstantial evidence was involved it was merely corroborative. In that situation it has been held not to be error to refuse to give a special instruction on the subject even where it is asked. (*The State v. Gereke*, 74 Kan. 196, 86 Pac. 160.) If such an instruction would have been appropriate in the present case it was not so material as to render the omission to give it without a request a ground of reversal.

3. A motion was made in behalf of the defendant to strike out the testimony already referred to, that when the witness drank the beverage in question he thought it was beer, on the ground that this was a mere opinion. The overruling of the motion is complained of. As already indicated, the statement was direct evidence as to a fact—the character of the liquor— the form in which it was given not affecting its competence, although having perhaps some tendency to impair its weight by suggesting a want of certainty on the part of the witness. (17 Cyc. 27, note 40.)

4. In passing upon the motion referred to the trial judge added: "I want his opinion, a man who can drink beer and

not know it." The remark is criticised as assuming that what the witness drank was beer. That was not the assumption. The witness testified that while he thought what he drank was beer he did n't know it; in other words, that it might have been beer, although he was unaware of it, necessarily implying that he could drink beer without knowing it. If the judge betrayed a want of confidence in the candor of the witness there was a sufficient basis for it to prevent its forming a ground for reversal.

The judgment is affirmed.