State v. Adams.

---

No. 25,704.

THE STATE OF KANSAS, *Appellee,* v. PEARL ADAMS, *Appellant.*

SYLLABUS BY THE COURT.

1. PERJURY—*Information—Sufficiency of Charge—Materiality of Testimony.* An allegation in an information that the defendant had testified falsely to "a certain material matter in issue," followed in the same sentence by a detailed statement of a number of items of testimony relied upon as constituting perjury, is held sufficiently to charge that the testimony was material.

2. SAME—*Information—Description of Proceeding.* The information is held to show sufficiently the proceeding in which the perjury relied upon is charged to have been committed.

3. SAME—*Materiality of Testimony.* Certain statements relied upon as constituting perjury are held to have been material.

4. SAME—*Evidence—Instructions.* Objections to instructions and to the admission of evidence in a perjury case are held not to be well founded.

5. CRIMINAL LAW—*Trial—Remarks of County Attorney.* Statements of the county attorney in the course of a criminal trial are held to have been nonprejudicial.

1. Perjury, 30 Cyc. p. 1434; 22 L. R. A., n. s., 1192; 21 R. C. L. 259.  2. Id., 30 Cyc. p. 1427.  3. Id., 30 Cyc. p. 1417.  4. Id., 30 Cyc. pp. 1444, 1456.  5. Criminal Law, 17 C. J. § 3638.

Appeal from Shawnee district court, division No. 1; JAMES A. McCLURE, judge. Opinion filed November 7, 1925. Affirmed.

*L. S. Harvey* and *W. E. Stickel,* both of Kansas City, for the appellant.

*C. B. Griffith,* attorney-general, *Paul Heinz,* county attorney, *Edward Rooney* and *Ralph Oman,* assistant county attorneys, for the appellee.

The opinion of the court was delivered by

MASON, J.: This is an appeal of Pearl Adams, who was convicted of having committed perjury while testifying upon the trial in the district court of one L. C. Neff upon the charge of having had intoxicating liquor in his possession.

1. The defendant asserts that a motion to quash the information should have been sustained on the ground of its not alleging that the matters relied upon as constituting perjury were material to the issue in connection with which her testimony was given. The materiality of the false statements may be made to appear in an information for perjury either by setting out the detailed facts showing it to be material or by alleging in general terms that it was material. (*State v. Horine,* 70 Kan. 256, 78 Pac. 411; 30 Cyc. 1434; 21 R. C. L. 268.) The defendant concedes this, but insists that neither requirement was met. The information set out that in the Neff trial the defendant testified falsely "to a certain material matter in issue" and willfully made a number of false statements, which are then specified in detail in the same sentence. There is no difficulty in interpreting the words "a certain material matter in issue," although not plural in form, as referring to all the statements of the witness which are enumerated as constituting the perjury. Obviously, a reading of this information would advise the defendant and her counsel that the state claimed and undertook to prove that all the statements in which perjury was assigned were material.

2. The last statement in which perjury was assigned and the concluding words of the information read: "that she was so intoxicated that she did not remember of being sworn by Tinkham Veale, county attorney of Shawnee county, Kansas, on a certain written statement taken upon a liquor inquisition on March 27, 1923; that all of said statements so made were false and untrue and were known to be false and untrue by the said Pearl Adams at the time she made them." The point is sought to be made that counsel are unable to tell whether the clause after the semicolon, alleging falsity, refers

to the statements claimed to have been taken on the liquor inquisition. It is sufficiently clear that they refer to the statement made at the Neff trial. Moreover, the jury were explicitly instructed that the defendant was not charged with testifying falsely at the inquisition before the county attorney.

3. The contention is made that some of the false statements relied upon by the state were not material to the issue in the Neff case. No evidence was offered in behalf of the defendant. The state's evidence tended to show that the defendant made sworn statements at an inquisition held by the county attorney that Neff had had whisky in his possession the night before, which she helped him drink, giving various details more or less closely connected with the episode. In the trial of Neff the state undertook to use her as a witness to the same effect. She testified that she could not remember what statements she had made at the inquisition nor what the facts were with regard to the matters to which such statements related. The state seeks to have her held guilty of perjury, not on the theory that having testified to one state of facts at the inquisition and another at the trial of Neff she must have sworn falsely at one time or the other, but distinctly upon the theory that her statements before the county attorney were true and those made at the trial were false. Of the nine statements which are relied upon by the state as constituting perjury, and which the court held to have been material to the issue in the Neff trial, two were that she had received no intoxicating liquor from Neff and did not drink with him; two were that she did not remember such occurrences; the remaining five were that she did not remember the holding of the inquisition or anything that she had said there. We regard them all as clearly material to the issues in the Neff case. It is of course not necessary in order to be material that the statements claimed to have constituted perjury should bear directly upon the ultimate fact to be proved. It is sufficient that they relate to any collateral matter upon which evidence would have been admissible. (21 R. C. L. 259; 30 Cyc. 1418, 1419.) If the defendant testified that she did not remember about some matter which itself was material, and in fact she did remember, she of course committed perjury as much as though she had denied an occurrence which she knew had actually taken place. (*People v. Doody,* 172 N. Y. 165.)

The instructions used the term "corroborating circumstances." It

is argued that this shows that circumstantial evidence was relied upon and therefore the court should have given an instruction as to how it should be considered. It is not incumbent upon the court, in the absence of a request therefor, to give such an instruction where the circumstantial evidence is merely corroborative. (*State v. Shives,* 100 Kan. 588, 165 Pac. 272.)

An instruction was given to the effect that in order to warrant a conviction the material matters alleged to have been falsely sworn to must be proved to have been false. The defendant regards this as placing the burden of proof upon her, but we think it not open to that interpretation.

Complaint is made of the introduction in evidence of the written statement signed and sworn to by the defendant embracing what she had told the county attorney at the inquisition, and of a transcript of a portion of her testimony at the Neff trial. What has already been said is sufficient to show their admissibility. In behalf of the defendant it is argued that while on the stand in the Neff case she was not asked directly whether Neff had liquor in his possession or whether she drank with him. She testified that she met Neff at the time indicated in her statement to the county attorney, and in reply to further questions said she did not remember where she was going "or nothing else"; did not remember anything about her statements to the county attorney; and did not remember going to the restaurant where, according to her statement to the county attorney, the drinking took place. Possibly this might be regarded as in effect testifying that the drinking episode did not take place. But in any event the evidence objected to was pertinent to the question whether the defendant perjured herself in asserting that she could not remember what had taken place.

A further complaint is made of the admission of testimony of the undersheriff, that when on the morning after the alleged drinking he found the defendant asleep in an automobile about three miles west of Topeka, he smelled liquor about the car. Inasmuch as the defendant explained her loss of recollection by saying she was too drunk the night before to remember what happened, it is sufficiently obvious that no serious prejudice resulted from this portion of the officer's testimony.

5. A final complaint is that the county attorney in the course of his argument to the jury and also in earlier stages of the trial

Friesen v. Western Grain Dealers Ins. Co.

in their presence used language not justified by the record, having a tendency to create a prejudice against the defendant. We have examined the matter objected to and are confident that there is no substantial probability of the verdict having been influenced by it.

The judgment is affirmed.

HARVEY, J., not sitting.