| 40 | 631 |
|----|-----|
| 46 | 531 |

</div>

THE STATE OF KANSAS v. WILLIAM C. SMITH.

1. PERJURY — *Materiality of Oath.*  In order to constitute perjury, the
false oath must be in some material matter.

2. ———— *Indictment — Insufficiency.*  Where the false testimony alleged to have been given is inserted in detail in the indictment
charging the defendant with perjury, and it clearly appears from
the indictment that the testimony alleged to be false was not material to the issues of the case.in which it was given, and had no tendency whatever to affect or influence the judgment of the court or
jury, the indictment is fatally defective.

*Appeal from Kingman District Court.*

PROSECUTION for perjury.   The opinion states the facts.

*Strohm & Foley*, for appellant.

*Ashbaugh & Steck*, for The State.

The opinion of the court was delivered by

HORTON, C. J.: On the 2d day of December, 1887, William C. Smith appeared before the county attorney of Kingman county, and, under the provisions of § 25 of the prohibitory
liquor law, made, signed and swore to an affidavit charging
one Ed. Maloy with selling intoxicating liquors, contrary to

law, in .the basement room of a building situated on lot number seven, .Main street, in the city of Kingman, Kingman county. Maloy was subsequently arrested and tried for the alleged offense, on the 28th day of December, 1887. W. C. Smith was subpenaed on the part of the state, and testified in the case. Maloy was acquitted, and soon after, on account of the testimony given by him upon the trial, an indictment was found against him, charging him with the crime of perjury. At the September term of the court for 1888 the case was tried, and Smith was convicted, and sentenced to imprisonment at hard labor for the term of one year in the penitentiary, and also to pay all the costs of the prosecution. From the sentence and judgment he appeals.

Smith filed his motion to quash, upon the grounds that the indictment did not state facts sufficient to constitute a public offense, and also that the indictment contained matter which, if true, was a bar to any prosecution against him. This motion was overruled, and exceptions taken.

In our view of the case, nothing but the sufficiency of the indictment need be considered. It is well settled by the statute and the decisions that the false oath charged in the indictment or information must be in some material matter, or it will not be perjury. (Comp. Laws of 1885, ch. 31, §§ 148–153.) In this case, the indictment sets forth in full the information filed against Ed. Maloy for violating the provisions of the prohibitory liquor law, upon which he was tried December 28, 1887. This indictment contains three counts: two charging Maloy with making unlawful sales of intoxicating liquors in a building situate on lot seven, Main street, in the city of Kingman; the third charging him with keeping and maintaining a common nuisance on said lot seven, where intoxicating liquors were sold in violation of law. The indictment also purports to set forth in detail the testimony given by Smith on the 28th of December, 1887, when he was called by the prosecution to prove the allegations of the information against Maloy. This testimony shows that Smith testified concerning sales of intoxicating liquors in the Connelly build-

ing, on Sherman street, in the city of Kingman, and not as to any sales of intoxicating liquors in the building on Main street. This testimony had nothing whatever to do with the allegations contained in the information charging Maloy with sales of liquor in the building on lot seven, Main street, or the keeping and maintaining of a nuisance on said street; therefore it appears that the testimony so given upon the trial was not material or important in the case pending against Maloy.

As an excuse for the manifest error in the indictment, it is alleged that the testimony inserted therein was furnished by the stenographer, and that either Smith "misspoke himself in giving his testimony, or that the stenographer misread the notes taken." This excuse, however, does not cure the indictment, or render the testimony incorporated material. We may concede that the testimony concerning the Connelly building on Sherman street was incorporated in the indictment by mistake, but, as it appears from the indictment itself that the false oath was not material to the issues of the case in which it was given, and had no tendency whatever to influence the judgment of the court, the indictment is fatally defective. As the testimony claimed to be false was all inserted in the indictment, it can be declared, as a matter of law, it was not directly pertinent to any issue under the information upon which Maloy was tried; and could not tend to influence the court or jury in the determination of the case against him. (Maxwell's Crim. Proc., p. 410; see also p. 413.)

The judgment of the district court will be reversed.

All the Justices concurring.