THE STATE OF KANSAS v. J. C. BROWNFIELD.

No. 13,497.   (73 Pac. 925.)

SYLLABUS BY THE COURT.

1. PERJURY—*Disqualification of Trial Judge.*  The mere fact that a judge of the district court, upon the suggestion of the county attorney, directed the sheriff to hold a witness who had just given testimony in a criminal case until the county attorney could institute a proceeding against him for perjury does not disqualify the judge subsequently to try such witness upon the charge of perjury.

2. ———— *Sufficient Information.*  An express averment in an

information that the false testimony upon which perjury is assigned was material to the issue on trial is generally sufficient, without setting out the facts from which such materiality appears.

3. JURY AND JURORS — *Qualifications.* Objections to the qualifications of jurors accepted held insufficient.

Appeal from Butler district court; G. P. AIKMAN, judge. Opinion filed October 10, 1903. Affirmed.

*C. C. Coleman,* attorney-general, *W. M. Rees,* county attorney, and *E. N. Smith,* for The State.

*H. W. Schumacher,* and *Redden & Kramer,* for appellant.

The opinion of the court was delivered by

JOHNSTON, C. J.: J. C. Brownfield was charged with perjury alleged to have been committed by him in his testimony given at the trial of Jessie Morrison upon a charge of murder. On the trial he was found guilty by a jury, and the punishment adjudged was a term of seven years in the state penitentiary.

1. Upon his appeal he claims that his application for a change of venue, based on the alleged. bias and prejudice of the judge, was refused. The ground for this claim was the action of the judge, who, at the close of Brownfield's testimony in the Morrison case, directed the sheriff to detain him until the county attorney could examine the testimony and file a complaint against him. This action, however, appears to have been taken by the judge at the suggestion and request of the county attorney and we see no impropriety in it, nor anything showing prejudice or disqualification of the judge.

2. No error was committed in overruling the motion to quash the information. The complaint is that the materiality of the testimony upon which perjury was

assigned was not sufficiently stated.   The information
set forth with fulness the substance of the offense
charged, and the court before whom the oath was
taken and the officer who administered it, together
with proper averments to falsify the testimony upon
which the perjury was assigned, and this under the
statute is sufficient. (Gen. Stat. 1901, § 2148.)   It
was stated in the information that the question about
which the testimony was given was a material issue
in the case, and then the testimony itself was set forth
in detail, and its materiality was manifest.   In gen-
eral, an express averment that the false testimony
upon which perjury is assigned as material is suffi-
cient, without setting out all the facts from which such
materiality would appear.   So it has been said :

"Two methods of showing the materiality of the
testimony alleged to be false are in common use in
indictments for perjury.   The first method is to allege
generally that the testimony in question was material,
and the second is to aver in the indictment facts which
render the materiality of the testimony clearly appar-
ent.   And in general, an averment of materiality by
either one of these methods will be held sufficient."
(16 Encyc. of Pl. & Pr. 343, and cases cited.)

3.  Objections were made to the competency of sev-
eral of the jurors that were not sustained.   Attention
is specially called to one of them, who stated that he
had some feeling as to the Morrison case, and that
something might develop in the trial of the defendant
so that he would be affected by the feeling which he
had.   His examination, however, showed that in the
present case he had neither formed nor expressed an
opinion as to the guilt or innocence of the defendant,
and he stated that notwithstanding the feeling in the
Morrison case he could give the defendant a fair and

impartial trial.    No error was committed in impaneling the jury.

4. The statements of the testimony given by Brownfield as to what occurred and what was said by him two days after the attack on Mrs. Castle were set out in the information and introduced in evidence.    It is said that these statements were immaterial and prejudicial.    There is good reason to doubt whether they can be said to be immaterial, as they tended to support and strengthen the defendant's testimony on the main question, and to overcome the claim that he did not know anything of the place of the homicide until long afterward.    However, the court finally concluded to treat the statements as immaterial and withdrew them from the consideration of the jury.    In no event, therefore, can it be said that prejudicial error was committed.

None of the other objections to the rulings on testimony, which are mainly as to the extent of cross-examination, are deemed to be material.

5. The charge of the court, although complained of, fairly presented the case to the jury.    The offense was well defined and the essential things to be proved by the state were carefully stated.    The claim that the court left the jury to figure out the issues of the case from the information alone is not sustained.    We find no good reason to complain of the rulings, either as to the instructions refused or as to those given.

Complaint is made of some of the statements of attorneys representing the state in the arguments before the jury.    It is true that some of these went beyond the bounds of legitimate argument, but where objections were made most of the unwarranted statements were stricken out and the jury were admonished to give no attention to them.    Other of the statements

might well have been stricken out, but we see nothing in them so prejudicial as to warrant us in overthrowing the verdict.

The judgment of the district court will be affirmed.

All the Justices concurring.