State v. Bingham.

---

No. 27,423.

THE STATE OF KANSAS, *Appellee,* v. WALTER BINGHAM, *Appellant.*

(257 Pac. 951.)

SYLLABUS BY THE COURT.

1. PERJURY — *Information — Sufficiency.* A motion to quash an information charging perjury is held upon an examination of the averments of the information to have been properly overruled.

2. SAME—*Information—Actual Facts Need Not Be Set Out.* The charge of perjury set out questions asked and answers given by the accused in a proceeding in court, and the testimony so given was alleged to be material and false. That averment is held to be sufficient without setting out the actual facts by way of antithesis.

3. SAME—*Prosecution—Election as to Transaction Relied On.* Where there is a single assignment of perjury based on the alleged false testimony given in the trial of a former criminal case in which several transactions were involved, it is not error to refuse a motion to require the state in the perjury case to elect on which it would rely for a conviction.

4. SAME—*Sufficiency of Evidence.* The evidence examined and it is held that the allegations of the information were substantially proven.

5. SAME—*Information—Materiality of Testimony.* In the charge of perjury it was alleged that the false testimony given was material to the issues on trial and this allegation as to materiality was sufficient in the present case.

---

Criminal Law, 16 C. J. p. 861 n. 30. Perjury, 30 Cyc. pp. 1422 n. 83, 1425 n. 17, 1426 n. 19, 1433 n. 59, 1435 n. 63. 1437 n. 71, 1439 n. 88, 1448 n. 64, 1456 n. 13; 21 R. C. L. 266, 270.

6. SAME — *Prosecution — Materiality of Testimony Question for Court.* The question of the materiality of the false testimony is one of law for the determination of the court.

7. SAME—*Effect of Acquittal in Prosecution Where Testimony Given.* The fact that there was no conviction in the criminal case wherein the testimony upon which perjury was assigned was given, does not prevent a conviction of perjury if the falsity of the evidence is duly established.

8. SAME — An accused cannot escape punishment for perjury actually committed in a criminal case by his success in inducing a jury to credit his false testimony or by securing an acquittal of the offense charged.

Appeal from Franklin district court; HUGH MEANS, judge. Opinion filed July 9, 1927. Affirmed.

*Ralph E. Page,* of Ottawa, for the appellant.

*William A. Smith,* attorney-general, and *B. F. Bowers,* county attorney, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: Walter Bingham was prosecuted upon a charge of perjury, and the trial resulted in a conviction.

In his appeal he complains that the information was defective in that the offense was not set forth with required fullness and certainty. He complains, too, of the denial of his motion to require an election by the state upon which of two transactions to which the alleged false testimony related it would rely for a conviction, also of the instructions given and of the overruling of his motion for a new trial.

The information in a single count charged that in a prosecution of the defendant in 1925 in the district court of Franklin county, upon a charge of larceny, he corruptly and falsely testified in answer to seventeen questions propounded to him in the larceny case. The following are the answers given by him in response to the questions asked:

"Q. Did you go to Vinland on the 28th day of November, 1924, and sell some chickens? A. No, sir.

"Q. Did you drive in a Ford runabout and sell some chickens there? A. No.

"Q. Did you take about four or five sacks of Plymouth Rock pullets into that Vinland store? A. I did not.

"Q. There has been introduced here a slip bearing the date of November 28, 1924, showing that a certain payment of $16 and some cents was made to one H. Johnson at Vinland. Was that made to you? A. No, sir.

State v. Bingham.

"Q. Was you ever at the Vinland store? A. Not that I know of; no.

"Q. Have you ever been to Vinland? A. No, sir.

"(Referring to a check of October 11, 1924, made by Latham & Sons and written by Della Perkins, for $8.75, bearing the indorsement, 'H. Johnson, by Walter Bingham.')

"Q. Had you even seen it before that time? (Date of preliminary.) A. No, sir.

"Q. Did you ever sell them (chickens) at the place where Della Perkins works? A. No, sir.

"Q. Now you saw Mrs. Perkins there at that place where you sold these chickens, didn't you? A. I didn't.

"Q. Didn't see her there? A. Never sold no chickens there.

"Q. You never sold any chickens to her? A. No.

"Q. Never did? A. No, sir.

"Q. You are quite sure you never sold her any chickens? A. Never sold her any chickens; no, sir.

"Q. You gave her the name of H. Johnson? A. No, sir.

"Q. Now, you said you didn't know whether you had ever been to Vinland or not. Can you tell the jury whether you have ever been to Vinland? A. I was not there.

"Q. You were not there? You are positive of that? A. Yes, sir.

"Q. You didn't take chickens up there and sell them and give the name of H. Davis? A. I did not."

It was alleged that the testimony so given by the defendant was competent and material and was known by him to be false when it was given.

He contends that the court erred in overruling the motion to quash the information upon the ground that it did not charge an offense. Upon this ruling he argues that the charge related to two distinct transactions, one relating to a sale of chickens at Vinland, under the name of H. Johnson, and another sale at Baldwin, under the name of H. Davis, and that both could not be included in a single count, and further, that it was rendered bad by reason of uncertainty. It was proper and necessary in the larceny case to charge as the state did, the different transactions in different counts, but the perjury committed at that trial could be treated as a single offense and included in a single count, and there was no error in that respect.

He urges further that the information was insufficient, in that the offense was not sufficiently stated by setting forth merely the questions and answers, with the conclusions that the answers were false. It is said that the prosecution should have set out at length

the actual facts by way of antithesis. The questions and answers with the distinct allegation of falsity point out with reasonable certainty the charge which the defendant was required to defend. When the charge accomplishes that purpose it is not necessary to set out more fully the actual facts by way of antithesis. That rule was well stated by Mr. Justice Mason in *State v. Saunders,* 122 Kan. 840, 253 Pac. 572.

When the evidence of the state was closed defendant made a motion that the state be required to elect which of the two transactions it would rely upon for a conviction. As we have seen, the assignment of perjury occurred at one time and in one proceeding, and the state was warranted in treating the false testimony given at the larceny trial as a single offense, and the defendant is hardly in a position to complain of prejudice because he was not charged in separate counts for each false answer made in his testimony given at that trial.

There is a further contention that the evidence did not sustain the verdict because all the charges in the information were not proven. Assuming it to be necessary that every allegation should be proven as alleged, an examination of the evidence shows that the averments were substantially proven, and that is sufficient. (*State v. Saunders,* supra.)

It is also suggested that the testimony upon which perjury was assigned was not material to the issues tried in the larceny case. It was alleged in the information that the testimony was material, but the materiality of the testimony as the allegations show was plainly apparent, and it has been held that an averment that it is material to the issue on trial is ordinarily sufficient. (*State v. Brownfield,* 67 Kan. 627, 73 Pac. 925; *State v. Horine,* 70 Kan. 256, 78 Pac. 41; *State v. Adams,* 119 Kan. 509, 240 Pac. 955.)

There is complaint of instruction in which the jury were told that whether or not the testimony on which perjury was assigned was material was one for the determination of the court, and the jury was further advised that the testimony alleged was material to the issues tried in the former case, but that whether or not the defendant gave the testimony as charged was wholly within the province of the jury to determine, and that if he did give testimony it was still wholly within the province of the jury to determine whether or not such testimony was willfully and corruptly false. The com-

State v. Bingham.

plaint of the instructions is that they were not applicable, in that no issue was formed and no evidence introduced in the case touching upon the materiality of such evidence. A distinct issue was formed as to the materiality of the alleged false testimony when it was set forth in the information and a plea of not guilty had been entered. Whether the testimony charged to have been false was material was a question for the court to determine, and the legal question of materiality was not one for the jury to solve with or without evidence. The trial court correctly ruled that the materiality of the alleged false testimony was a question of law for the court, and it properly left to the jury the questions whether the defendant had testified as alleged, and also as to the falsity of the testimony given. (*State v. Lewis*, 10 Kan. 157.)

It appears that the trial in the larceny case did not result in a conviction, but it has been well decided that a person cannot escape punishment for perjury actually committed in a criminal case by his success in that case in inducing the jury to credit his false testimony or in securing an acquittal on the charge. (*State v. Williams*, 60 Kan. 837, 58 Pac. 476; *State v. Bevill*, 79 Kan. 524, 100 Pac. 476.)

The evidence in the record is deemed to be amply sufficient to sustain the verdict, and no error was committed in overruling the motion for a new trial.

The judgment is affirmed.