No. 44,608

STATE OF KANSAS, *Appellee*, v. LYLE ELDER, *Appellant*.

(433 P. 2d 462)

Opinion filed November 13, 1967.

*John W. Jordan*, of Wichita, argued the cause, and *Dale B. Stinson, Jr.* and *Gerald D. Lasswell*, of Wichita, were with him on the brief for the appellant.

*Darrell G. Mitchel*, county attorney, argued the cause, *Robert C. Londerholm*, attorney general, and *Raymond A. Overpeck*, deputy county attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

O'CONNOR, J.: This is an appeal from a conviction on two counts of perjury (K. S. A. 21-701). The charges arose from statements made by the defendant, Lyle Elder, while testifying as a witness for the defense during the course of a criminal prosecution reported in *State v. Darling*, 197 Kan. 471, 419 P. 2d 836.

Elder, a labortaory technologist, was director of Elder Clinical Laboratory in Wichita. At Dr. Darling's trial on charges of procuring an abortion or miscarriage Elder gave testimony concerning a pregnancy test performed by him at his laboratory at Dr. Darling's request. In testifying about his educational background and experience which qualified him to perform such test, Elder stated he had received a B. S. degree in chemistry and bacteriology from Wichita University and that he had attended medical school at the Univer-

sity of Kansas for two years. It is these statements with reference to his attendance at the two universities that form the basis for the charges in the present case.

At the trial evidence was presented by the registrars of both universities that no record could be found to indicate Elder's enrollment or attendance at either institution. The trial court instructed the jury as a matter of law that the allegedly false statements made by Elder concerning his educational background were material to the issues in the trial of Dr. Darling.

The materiality of the statements is challenged and is the principal point of this appeal.

In order to constitute perjury under the statute it is essential that the false testimony be on a material matter. (K. S. A. 21-701; *State v. Smith*, 40 Kan. 631, 20 Pac. 529.) The false statements relied upon, however, need not bear directly on the ultimate issue to be determined; it is sufficient that they relate to collateral matters upon which evidence would have been admissible. (*State v. Fail*, 121 Kan. 855, 250 Pac. 311; *State v. Adams*, 119 Kan. 509, 240 Pac. 955.)

In *State v. Whitlock*, 138 Kan. 602, 27 P. 2d 262, it was stated:

" '. . . The test is whether the statement made could have influenced the tribunal on the issue before it. It is sufficient if it is material to any proper matter of inquiry, and is calculated and intended to prop or bolster the testimony of a witness on some material point, or to support or attack the credibility of such a witness. It may be laid down as a general rule that any testimony which is relevant in the trial of a case, whether to the main issue or some collateral issue, is so far material as to render a witness who knowingly and willfully falsifies in giving it guilty of perjury. . . .' " (pp. 605, 606.)

The materiality of Elder's statements now in question was considered by this court in the *Darling* opinion (p. 482). In holding that the statements were properly subject to collateral inquiry, and that impeaching rebuttal evidence was admissible, we said:

". . . If the subject of collateral inquiry is so connected with the matter at issue as to have a legitimate tendency to prove or disprove some fact that is material by giving weight and probability to, or detracting from, the testimony of a witness thereto, it is sufficient and makes the testimony material. . . ."

It was emphasized therein that Elder's testimony relating to the negative results of the pregnancy test was vital to Dr. Darling's defense in that it tended to contravene the required intention of the doctor to commit the act for which he was charged. The entire defense was premised on the fact that the doctor would first obtain a negative pregnancy test on the woman involved before he would

proceed to treat her for amenorrhea. The testimony of Elder was essential to support that defense. He gave testimony pertaining not only to the results but also to the accuracy and reliability of the test. His qualifications were extremely relevant to the weight and credibility to be given his testimony concerning the results obtained. It can only be concluded that his fabrications were calculated and intended to strengthen his credibility as a witness in the eyes of the jury. The statements were material and became proper basis for prejury charges. Their materiality was properly determined as a question of law by the trial court. (*State v. Bingham,* 124 Kan. 61, 257 Pac. 951.)

Elder also complains that the trial court erred in charging the jury that "corruptly" as used in K. S. A. 21-701 "means intentionally done with improper motives." We find defendant's argument on the point utterly devoid of merit.

The definition is supported by language in our decision in *State v. Kennedy,* 82 Kan. 373, 108 Pac. 837, and we decline to say that the false swearing must be done with the expectation of some pecuniary gain or advantage, as suggested by the defendant. The word "corruptly" has reference to the motive of the witness and the fact that the swearing was intentionally false, rather than to the means by which his testimony was obtained. (*State v. Reed,* 62 N. M. 147, 306 P. 2d 640; 70 C. J. S., Perjury §74; 3 Wharton's Criminal Law and Procedure §1292.) Moreover, the definition as given substantially corresponds to that requested by the defendant himself, so he is not now in a position to claim error.

The judgment is affirmed.