No. 46,956

STATE OF KANSAS, *Appellee*, v. LARRY W. FRAMES, *Appellant*.

(515 P. 2d 751)

Opinion filed November 3, 1973.

*Robert C. Londerholm*, of Hackler, Londerholm, Speer, Vader and Austin, of Olathe, argued the cause, and was on the brief for the appellant.

*Richard S. Wetzler,* Assistant District Attorney, argued the cause, and *Vern Miller,* Attorney General, and *Margaret W. Jordan,* District Attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

PRAGER, J.: This is a direct appeal by the defendant in a criminal action in which he was convicted by a jury of the offense of perjury under K. S. A. 1970 Supp. 21-3805. This case is the aftermath of a tragic murder which occurred in Johnson county in June of 1970. The factual circumstances surrounding the murder are set forth in full in *State v. Green,* 211 Kan. 887, 508 P. 2d 883. In June of 1970 the defendant, Larry W. Frames, and Robert Green were charged with the murder of Glenda Kay Williams. Frames pled guilty to the first-degree murder charge and was sentenced to life imprisonment in November 1970. After two mistrials, Robert Green was tried for the third time in December of 1970. The defendant, Frames, did not testify at Green's first two trials. After Frames entered his plea of guilty to first-degree murder, he took the stand and testified against Green at the third trial. There Frames testified in substance that Green was an active, if not the motivating force, in Miss Williams' murder. As a result of Frames' testimony, Green was convicted of murder in the first degree. Green filed a motion for a new trial on the grounds of newly discovered evidence. In support of Green's motion, Frames made a complete about face and absolved Green of all responsibility for the murder. On June 29, 1971, on the hearing of the motion, Frames testified under oath that he alone had conceived and perpetrated the murder of Miss Williams and that Green had not in any way assisted in its commission. Frames recanted on portions of his prior testimony dealing with events both before and after the murder itself.

Before giving this last testimony on June 29, 1971, Frames had made statements relating the events in question on at least three prior occasions. The first version was in a statement to investigating officers on June 4, 1970, just two days after the murder. In that statement Frames placed the major share of culpability on Green, while minimizing his own role. The second was on November 18, 1970, at the time Frames pled guilty to first-degree murder. At that time Frames was placed under oath and was examined and cross-examined about the events of the fatal evening.

His account then was highly incriminating of Robert Green and was substantially the same as that given at the trial. The third account was his trial testimony given at Green's trial in December 1970.

The trial court rejected Frames' new testimony and denied Green's motion for a new trial. The correctness of that decision was the subject matter of the appeal in *State v. Green,* supra. A few days after the hearing on Green's motion for a new trial in district court, the defendant Frames was charged with perjury on complaint of the assistant county attorney Mark L. Bennett, Jr. The defendant was convicted of perjury by a jury on February 8, 1972. The defendant was sentenced under the habitual criminal act for a sentence of not less than five years or more than life, the sentence to run consecutively to his life sentence imposed in the murder case. The defendant has appealed his conviction of perjury, alleging that the trial court committed prejudicial trial errors. We will consider the points raised by the defendant, adding such additional factual matters as are necessary for their determination.

The first point of error asserted by the defendant is the overruling of his motion to exclude from the consideration of the jury certain statements of the defendant which the state contended constituted perjury. After the defendant was charged with perjury he filed a motion for a bill of particulars. The trial court sustained the motion. In compliance with the order the state filed a bill of particulars setting forth a number of answers to questions propounded to the defendant by his attorney Thad Nugent and answers to questions propounded to the defendant by the assistant county attorney, Mark L. Bennett, Jr., at the hearing on the motion for a new trial of Robert Green held on June 29, 1971. The bill of particulars referred specifically to pages and lines of the transcript of Frames' testimony at that hearing. The defendant contends here that the trial court erred in overruling his motion in which he requested that certain of the statements set forth in the bill of particulars should be excluded from the consideration of the jury since, as a matter of law, the evidence produced by the state in support of the charge was not sufficient to establish perjury.

It is the position of the defendant that many of his statements contained in the bill of particulars covering the circumstances

surrounding the murder, were not in fact controverted by the state and, as to other statements, the evidence of the state was not sufficient to establish perjury under the rule of law which governs the quantum of proof necessary to establish perjury. This rule, which pertains only to the crime of perjury, is stated in *State v. Schroeder*, 201 Kan. 811, 443 P. 2d 284, as follows:

". . . The pertinent rule in Kansas is that two witnesses or one witness and corroborating circumstances are necessary to establish the fact of perjury, and therefore the uncorroborated testimony of one witness as to the falsity of a sworn statement is not enough to support a conviction for perjury . . ." (pp. 815, 816.)

The defendant takes the position that in order to meet its burden the state was required to present direct testimony from two witnesses as to the falseness of the defendant's statements or, alternatively, direct testimony from one witness and additional corroborative evidence. The defendant argues that each statement contained in the bill of particulars is a separate charge which the state must establish by specific evidence; hence he argues that on motion of the defendant the trial court should have excluded from the consideration of the jury those statements in the bill of particulars which had not been established by that quantum of state's evidence necessary for conviction.

To determine the validity of defendant's position we must examine the nature and effect of a bill of particulars in a criminal action. K. S. A. 1971 Supp. 22-3201 (5) provides for a bill of particulars in a criminal proceeding and states as follows:

"(5) When a complaint, information or indictment charges a crime but fails to specify the particulars of the crime sufficiently to enable the defendant to prepare his defense the court may, on written motion of the defendant, require the prosecuting attorney to furnish the defendant with a bill of particulars. At the trial the state's evidence shall be confined to the particulars of the bill."

The purpose of a bill of particulars is twofold: (1) To inform the defendant as to the nature of the charge and the evidence against him to enable him to prepare his defense, and (2) to enable the defendant to avoid further prosecution for the same offense. (Anderson, Wharton's Criminal Law and Procedure, Vol. 4, § 1865.) A bill of particulars furnished the accused under the order of the court is not a part of the record in the absence of a statute so providing. (41 Am. Jur. 2d, Indictments and Informations, § 164, citing cases in support thereof.) Where the state furnishes a bill of par-

ticulars it is restricted in its proof at the trial to the particular items specified in the bill. (22-3201 [5].) The obvious purpose of this restriction is to prevent the defendant being charged with one crime and being convicted of something else. The defendant has not cited any authority for his position that each statement contained in a bill of particulars becomes a separate allegation of a criminal offense. On the contrary a bill of particulars is nothing more than a statement of facts which collectively describe the offense set forth generally in the complaint, information or indictment.

It is not necessary for the prosecution to prove each and every factual statement contained in the bill of particulars. So long as the state proves all of the necessary elements of the particular crime charged, then the evidence is sufficient to convict regardless of whether every statement in the bill of particulars is proved. In a prosecution for perjury all the several particulars, in which the accused swore falsely in the same transaction, may be embraced in one count, and proof of the falsity of any one will sustain the count. (*State v. Schroeder*, supra; 70 C. J. S. Perjury § 49, p. 519 and cases cited therein; 60 Am. Jur. 2d, Perjury, § 42, p. 991, with decisions cited in support thereof.)

The defendant in his brief has set forth all of the statements listed in the bill of particulars and has attempted to illustrate how the state has failed to prove certain of such items. As pointed out above, it is not incumbent upon the state to prove each and every item in the bill of particulars. It would serve no useful purpose to outline in great detail the contradictions in the testimony of Frames at the hearing of Green's motion for a new trial as compared with his prior sworn testimony implicating Green. On the two occasions prior to June 29, 1971, Frames testified under oath in substance that Green was a willing, active participant in the murder. At the hearing on Green's motion for a new trial Frames testified under oath that Green was not a willing, active participant in the crime. We have no hesitancy in holding that the record in this case discloses ample evidence to convict the defendant of perjury under the quantum of evidence rule applicable to perjury which is discussed above. In addition to Frames' own sworn testimony on the prior occasions, the state provided the testimony of Ruby Kinnison, Frames' sister, and that of Pat Spinney Vicks, an eye witness to the murder, both of whom corroborated defendant's prior testimony implicating

Green in the murder. We find the defendant's first point without merit.

As his second point the defendant contends that the trial court improperly overruled his request for funds to hire an expert to determine if community prejudice existed in Johnson county. The record contains evidence of extensive newspaper publicity about the case in Johnson county. In this state the granting or denial of a motion to provide investigative services to counsel for an indigent defendant in a criminal prosecution is a matter which rests within the sound discretion of the trial court. Its ruling will not be disturbed in the absence of a showing that its discretion has been abused to the extent that a defendant's substantial rights have been prejudiced. (*State v. Taylor,* 202 Kan. 202, 447 P. 2d 806; *State v. Frideaux,* 207 Kan. 790, 487 P. 2d 541; K. S. A. 1971 Supp. 22-4508.) The record here does not disclose an abuse of discretion on the part of the trial court in denying the requested funds. The cost for such a survey would have been approximately $1700. The defendant offered no affidavits to show community prejudice at the time defendant's motion was considered. Likewise the record is completely devoid of evidence that difficulties were encountered at the trial in selecting a jury to hear the case.

The defendant's third point of claimed error is that the trial court erred in permitting the assistant county attorney, Mark L. Bennett, Jr., to appear as counsel for the state, since he was a potential witness against the defendant in the case. Prior to the trial the defendant by oral motion sought to disqualify Bennett from appearing as attorney for the state on the basis that he might be a material witness. The defendant cites several cases where this court has held that a prosecutor should not be a witness and serve as prosecutor in the same case. (*State v. Ryan,* 137 Kan. 733, 22 P. 2d 418.) We find that the rule is not applicable to the factual situation presented here. Neither the state nor the defendant called Bennett as a witness, nor was his name listed as a witness on the information. Bennett was involved in the murder case from its inception; he had conducted all the jury trials involving Frames and Green, including the two mistrials. Bennett's only function at the trial was that of prosecutor. To require a prosecutor to withdraw from a case on the mere possibility that he could be called as a witness would enable defendant's counsel to hamper seriously effective prosecution. Since Bennett was never called as a witness

in the case it cannot be said that the trial court abused its discretion in permitting Bennett to serve as prosecutor.

The defendant's next contention is that the trial court erred in admitting into evidence over objection the defendant Frames' testimony given at Green's trial on December 4, 1970. At the trial of the perjury case the defendant's sworn testimony, previously given at the Green trial, was introduced in the form of a transcript certified by the court reporter. The defendant argues that this testimony was obtained through coercion and without the advice of counsel and therefore should have been suppressed. We find no merit to this contention. It is clear from the record that the defendant, Frames, testified only after consulting with his own attorney and in reliance upon the advice of his counsel. At the time the defendant testified at the Green trial he had previously entered a plea of guilty to first-degree murder and hence there was no possibility that his statements could further incriminate him. The trial court did not err in refusing to sustain the defendant's motion to suppress.

The defendant's fifth and last point is that it was error for the trial court to submit the question of materiality to the jury as a question of fact and that the trial court should have instructed the jury as a matter of law which statements made by the defendant were material. This court held in *State v. Bingham*, 124 Kan. 61, 257 Pac. 951, that the question of whether false testimony is material in a perjury case is to be determined as a question of law by the trial court and not as a question of fact by the jury. In our judgment it was error for the trial court here to submit the question of materiality to the jury as a question of fact. In order to constitute perjury under the statute it is essential that the false testimony be on a material matter. The false statements relied upon, however, need not bear directly on the ultimate issue to be determined; it is sufficient that they relate to collateral matters upon which evidence would have been admissible. (*State v. Elder*, 199 Kan. 607, 433 P. 2d 462.) Here a review of the statements which the state charged were perjured discloses that they were as a matter of law material. Had the court instructed the jury it would have been obligated to rule that the statements were material. But was the trial court's failure to instruct the jury in that regard prejudicial error? We hold that it was not. In *State v. Lewis*, 10 Kan. 157, the defendant had been convicted of perjury and contended on his appeal that the

trial court committed error in not instructing the jury as a matter of law on the materiality of the alleged false statements. Justice Brewer recognized that it was error for the trial court not to instruct the jury on that issue but held that since the jury had determined that the statements were in fact material then defendant's rights had not been prejudiced and his conviction of perjury should be affirmed. As in *State v. Lewis,* supra, the defendant's statements here were material as a matter of law and the court should have instructed the jury that the statements were material. The jury by its verdict also determined that the statements were material; consequently the defendant has not been prejudiced by the court's failure to instruct.

The judgment of the trial court is affirmed.