No. 75,383

STATE OF KANSAS, *Appellee,* v. JERRY ARNOLD ROLLINS,
*Appellant.*
(957 P.2d 438)

Opinion filed April 17, 1998.

*Daniel E. Monnat,* of Monnat & Spurrier, Chartered, argued the cause and was on the briefs for appellant.

*Chris E. Biggs,* special prosecutor, argued the cause and was on the briefs for appellee.

The opinion of the court was delivered by

LOCKETT, J.: Defendant was convicted of one count of perjury. The judge had instructed the jury that defendant's statements were material. On appeal, defendant claimed numerous errors by the trial court. The Court of Appeals reversed defendant's conviction, holding that under *United States v. Gaudin*, 515 U.S. 506, 132 L. Ed. 2d 444, 115 S. Ct. 2310 (1995), the jury, rather than the trial court, must decide whether defendant's statements were material. The State petitioned for review, arguing that under Kansas' perjury statute, materiality is a question of law to be decided by the trial court. Alternatively, the State argues that if *Gaudin* controls, the constitutional harmless error standard applies. We accepted review.

Dana Flynn was involved in a custody dispute with Randall Sheridan over their daughter, A.F. Sheridan's attorney, believing that Jerry Arnold Rollins, Flynn's minister, was negatively influencing the child, and having information that Dana Flynn was sleeping with Rollins, deposed Rollins. During this deposition, Rollins denied any relationship with Flynn outside of the church. The State was convinced that Rollins had perjured himself in the deposition and brought criminal perjury charges against Rollins.

Rollins was charged with one count of violating K.S.A. 1992 Supp. 21-3805, which provided, in part:

"(a) Perjury is willfully, knowingly and falsely swearing, testifying, affirming, declaring or subscribing to any material fact upon any oath or affirmation legally administered in any cause, matter or proceeding before any court, tribunal, public body, notary public or other officer authorized to administer oaths."

Although the statutes governing perjury have changed since 1872, these changes are not material to the analysis of this issue. In order to constitute perjury under 21-3805, it is essential that the false testimony be on a material matter. *State v. Elder*, 199 Kan. 607, 608, 433 P.2d 462 (1967). The particular answers for which defendant was convicted of perjury are:

"Q. Do you know [A.F.]?
"A. Yes.
"Q. On how many occasions have you seen her?
"A. During the time that she would attend church.
"Q. You've not seen her anywhere outside of the times that she attended church?

"A. No.

. . . .

"Q. Well, isn't it true that Mrs. Flynn has been spending the night with you on a regular basis over the last year at your house?

"A. I decline to answer your question.

"Q. Are you refusing to answer the question as to whether or not Dana Flynn sleeps with you every night? Are you refusing to answer?

"A. She does not.

. . . .

"Q. Why is it her car gets parked in your garage every night?

"A. Her car is not parked in my garage every night.

"Q. At least four or five times a week?

"A. No.

"Q. How often is it parked in your garage?

"A. Never.

. . . .

"Q. Do you have any explanation why her car would be pulled into your garage on a nightly basis?

"A. Why her car would be pulled into my garage on a nightly basis?

"Q. I think that was the question.

"A. Object to that.

"Q. What's objectionable about that, other than the obvious?

. . . .

"Q. Are you going to answer my question?

"A. No.

"Q. You're refusing to answer the question?

"A. No. It is not parked in my garage on a nightly basis, no.

"Q. On a least at three-times-a-week basis?

"A. No.

"Q. Once a week?

"A. No.

"Q. How often is it parked in your garage overnight?

"A. It hasn't been.

"Q. Never?

"A. It hasn't, to my knowledge, no.

. . . .

"Q. What is the current nature of your relationship with Dana Flynn?

"A. My current relationship with Dana Flynn?

"Q. Yes.

"A. I know her as a person, an acquaintance."

The trial judge ruled that the questions and answers were material to the proceeding, stating: "The materiality is the relationship between Dana Flynn and the defendant Rollins, the relationship

between Rollins and [A.F.], the relationship that the defendant Rollins has with both of them, and it's clear that it was material to the domestic case."

At the conclusion of trial, the district judge instructed the jury:

"INSTRUCTION NO. 2

"The defendant is charged with the crime of perjury. The defendant pleads not guilty.

"To establish this charge, each of the following claims must be proved:

1.  That the defendant willfully, knowingly, and falsely testified to a material fact upon his oath or affirmation legally administered by a person authorized to administer oaths; and

2.  That this act occurred on or about the 3rd day of November, 1992, in Saline County, Kansas.

"For purpose of these instructions, the terms 'willfully' and 'knowingly' mean conduct that is intentional and not accidental."

"No. 5

"As a matter of law the alleged existence of a relationship between Jerry Arnold Rollins and Dana Lynn Flynn, or between Jerry Arnold and [A. F.], on or about the 3rd day of November, 1992, was material in the underlying action for which the defendant's deposition was taken. It is for the jury to determine what testimony was given by Mr. Rollins at the deposition and whether the testimony was willfully and knowingly false."

The defendant objected to Instruction No. 5 because it is "in essence, a directed verdict in a criminal case on the element of materiality." The trial court pointed out that under prior decisions, materiality is a question of law to be determined by a judge and overruled the objection.

After he was convicted, Rollins moved for a new trial pursuant to K.S.A. 22-3501, asserting the United States Supreme Court's decision in *Gaudin* that a trial judge's refusal to submit questions of materiality to the jury violated the federal constitutional right to have a jury determine every element of crime charged, applied to this case. Defendant also raised other issues.

The trial court denied the motion, finding:

"First, *Gaudin* construed a federal statute and the government conceded materiality was an element of the underlying offense. Neither circumstance is applicable in the case at bar. Second, the Kansas Supreme Court has repeatedly held 'materiality' is an issue to be decided by the trial court as an issue of law and not as a question of fact by a jury. It is apparent *Gaudin* does not answer the issue now before this court. Accordingly, it is the duty of this court under the principles of stare decisis and precedent to follow the clear line of Kansas authority."

Rollins appealed, raising numerous issues. The Court of Appeals reversed Rollins' conviction based on the rationale of *Gaudin*, holding materiality is an essential element of perjury under K.S.A. 1992 Supp. 21-3805(a). It noted that the United States Supreme Court interprets the Fifth and Sixth Amendments to the United States Constitution as entitling a defendant to have a jury determine guilt beyond a reasonable doubt on every element of a charged crime. Accordingly, under the Supremacy Clause, Kansas courts are required to follow *Gaudin*.

The Court of Appeals asserted the error was not subject to the harmless error rule because the trial court did not submit an essential element of the crime to the jury. It concluded that Rollins' conviction must be overturned regardless of whether the harmless error rule applied because the jury did not determine the materiality of the perjury; therefore, it had not decided an element of the crime.

We granted review.

## DISCUSSION

We are required to determine if the Kansas perjury statute, which requires the trial judge to determine as a matter of law if the alleged false testimony or writing was on a material matter, is constitutional. Where the constitutionality of a statute is involved, the question presented is, therefore, not whether the act is authorized by the Constitution, but whether it is prohibited thereby. *State ex rel. Schneider v. Kennedy*, 225 Kan. 13, 20, 587 P.2d 844 (1978).

Following PIK Crim. 3d 60.05, the judge instructed the jury:

"The defendant is charged with the crime of perjury. The defendant pleads not guilty.

"To establish this charge, each of the following items must be proved:

1. That the defendant willfully, knowingly, and falsely testified to a material fact upon his oath or affirmation legally administered by a person authorized to administer oaths . . . ."

The crime of perjury requires a knowing misstatement of a material fact. Our question is: Who can constitutionally determine whether the knowing misstatement is material to the crime?

In *State v. Lewis*, 10 Kan. 157 (1872), Lewis was convicted of perjury. Lewis appealed, claiming the judge improperly allowed the jury to determine whether the false testimony was a material element of the crime. The *Lewis* court found materiality is a question of law to be determined by the judge, not one of fact to be determined by a jury; therefore, it was error for a trial court to instruct the jury that it must determine materiality. This has remained the law of Kansas. See *State v. Edgington*, 223 Kan. 413, 419, 573 P.2d 1059 (1978); *State v. Elder*, 199 Kan. at 609;. *State of Bingham*, 124 Kan. 61, 65, 257 Pac. 951 (1927).

In *State v. Whitlock*, 138 Kan. 602, 27 P.2d 262 (1933), we explained what is required before a statement is considered material for purposes of sustaining perjury charges. We said:

" 'A statement can be neither material nor immaterial in itself, but its materiality must be determined in accordance with its relation to some extraneous matter. False testimony relative to a nonexistent issue cannot be material. But any statement which is relevant to the matter under investigation is sufficiently material to form the basis of a charge of perjury. The test of materiality is whether a false statement can influence the tribunal-not whether it does.

. . . .

" 'The degree of materiality is unimportant. False testimony directly pertinent to the main issue is of course material. But it is not necessary that the false statement should bear directly upon the main issue. It is sufficient if the statement is collaterally, remotely, corroboratively, or circumstantially material, or has a legitimate tendency to prove or disprove any material fact in the chain of evidence, even though not in itself sufficient to establish the issue. False testimony relative to a collateral matter may be perjury irrespective of the truth or falsity of the main fact at issue. But if the false statement is not even circumstantially material it cannot be perjury.' " 138 Kan. at 605.

This test was cited with approval in *Elder*, 199 Kan. at 608.

Apparently believing 126 years of Kansas jurisprudence had now been determined to be unconstitutional by the United States Supreme Court, based upon *Gaudin*, the Court of Appeals overturned defendant's conviction. In *Gaudin*, the defendant was charged with "making material false statements in a matter within the jurisdiction of a federal agency, in violation of 18 U.S.C. § 1001 (1988), which read:

"Whoever, in any matter within the jurisdiction of any department or agency of the United States knowingly and willfully falsifies, conceals or covers up by any trick, scheme, or device a material fact, or makes any false, fictitious or fraudulent statements or representations, or makes or uses any false writing or document knowing the same to contain any false, fictitious or fraudulent statement or entry, shall be fined not more than $10,000 or imprisoned not more than five years, or both."

Although acknowledging materiality was an element that the prosecution must prove, the federal district court held that the issue of materiality was a decision for the court. *Gaudin*, 515 U.S. at 508. The Ninth Circuit reversed the federal district court, holding that taking an element (materiality) of the crime from the jury was violative of defendant's Fifth and Sixth Amendment rights.

After granting *certiorari*, the Supreme Court noted that materiality was an element of the offense and the Government is required to prove to the trier of fact the statement was material. In addition, the parties had agreed that a material statement was one that has " 'a natural tendency to influence, or [be] capable of influencing , the decision of the decisionmaking body to which it was addressed.' " 515 U.S. at 509 (quoting *Kungys v. United States*, 485 U.S. 759, 770, 99 L. Ed. 2d 839, 108 S. Ct. 1537 [1988]).

The Supreme Court first framed the question as whether a criminal defendant is "entitled to have this element of the crime [materiality] determined by the jury." 515 U.S. at 509. They answered this question immediately, noting:

"The Constitution gives a criminal defendant the right to demand that a jury find him guilty of all the elements of the crime with which he is charged; one of the elements in the present case is materiality; respondent therefore had a right to have the jury decide materiality." 515 U.S. at 511.

Chief Justice Rehnquist, joined by Justices O'Connor and Breyer in a concurring opinion, pointed out that nothing in the decision acted as a barrier to prevent legislatures from defining elements of crimes. 515 U.S. at 525. In fact, writing for the majority, Justice Scalia tacitly acknowledged this fact by noting many courts regard materiality as a question of law for the judge. 515 U.S. at 510.

With *Gaudin* in mind, the Kansas Court of Appeals analyzed the Kansas perjury statute to determine whether materiality is a question of law for the judge or one of fact for the jury. It observed that rules of statutory construction interpreting criminal statutes are strictly construed against the State and determined that materiality is an element of the crime of perjury. *Rollins*, 24 Kan. App. 2d at 27.

The Court of Appeals noted that Kansas courts have repeatedly recognized that false testimony must be material to constitute perjury, citing *State v. Frames*, 213 Kan. 113, 119, 515 P.2d 751 (1973); *State v. Elder*, 199 Kan. 607; and *State v. Smith*, 40 Kan. 631, 632, 20 Pac. 529 (1889). It observed that each of these cases stated that materiality was a question of law to be determined by the judge. *Rollins*, 24 Kan. App. 2d at 27. The Court of Appeals then observed that PIK Crim. 3d 60.05 requires that a false statement be material to establish the crime. 24 Kan. App. 2d at 27. We note that PIK simply mirrors the language of the statute; therefore, it does not provide an independent basis to find that materiality is an element of perjury to be determined by the trier of fact.

The Court of Appeals stated that because we are required to follow the United States Supreme Court's interpretations of the United States Constitution, Kansas is bound by its finding that there is a constitutional requirement for submitting the question of materiality to a jury. Finally, the Court of Appeals concluded that the error was not harmless and set aside the defendant's conviction for perjury.

In its analysis, the Court of Appeals failed to note Justice Scalia's footnote and the concurrence in *Gaudin* stating that the legislature generally has the right to define elements of a crime. 515 U.S. at 525 (citing *Patterson v. New York*, 432 U.S. 197, 210, 53 L. Ed.

2d 281, 97 S. Ct. 2319 [1977]). The United States Supreme Court interpreted 18 U.S.C. § 1001 to require that the question of materiality be submitted to the jury. It did not find that materiality can never be a question of law for the court if, when enacting the statute, the legislature so desired.

In 1868, our legislature enacted G. S. 1868, 31-148, which stated:

"Every person who shall willfully and corruptly swear, testify or affirm falsely to any material matter, upon any oath or affirmation, or declaration legally administered in any cause, matter or proceeding, before any court, tribunal or public body or officer, shall be deemed guilty of perjury."

In the 130 years since, our legislature has enacted and modified many laws. Yet our perjury statute has remained relatively unchanged since its enactment. Only 4 years after the perjury statute was enacted, *State v. Lewis*, 10 Kan. 157, was decided. The *Lewis* court determined that under the perjury statute, materiality was a question of law for the court rather than an element of the crime.

Since 1872, Kansas courts have interpreted materiality as an issue to be decided by the judge, and the legislature has not deemed it necessary to overrule that determination. In *McIver v. State Highway Commission*, 198 Kan. 678, 683, 426 P.2d 118 (1967), we held that where judicial construction of a statute had been in place for 48 years, the legislature is deemed to have approved the interpretation.. Here, judicial construction has been in place for 126 years. The legislature is deemed to agree with our interpretation that materiality is not an element of the crime and is thus not a question for jury.

Questions of materiality are similar to evidentiary issues decided by Kansas district judges every day. K.S.A. 60-402 states:

"Except to the extent to which they may be relaxed by other procedural rule or statute applicable to the specific situation, the rules set forth in this article shall apply in every proceeding, both criminal and civil, conducted by or under the supervision of a court, in which evidence is produced."

The admissibility of evidence is to be determined by the judge. K.S.A. 60-408. For evidence to be admissible it must be relevant, *i.e.*, material. See K.S.A. 60-407.

In our federal system, the United States Supreme Court is free to interpret federal statutes as it did in *Gaudin*. Similarly, Kansas courts are charged with the interpretation of Kansas statutes. When interpreting the Kansas criminal perjury statute, we have always recognized that materiality was not an element of the crime to be proved, but rather a question of law for the judge. *Gaudin* did not change this requirement. Because materiality is not an element of the crime, it need not be submitted to the jury.

In a criminal prosecution where the defendant is charged under a state statute with perjury, the trial court is to determine as a matter of law if the alleged false testimony or writing was on a material matter. The judgment of the Court of Appeals is reversed, and the matter is remanded to the Court of Appeals for determination of the remaining issues.