NOT DESIGNATED FOR PUBLICATION

Nos. 126,380
126,381

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

CALIE ANN LUNDQUIST,
*Appellant*.

MEMORANDUM OPINION

Appeal from Barton District Court; STEVEN JOHNSON and CAREY L. HIPP, judges. Submitted without oral argument. Opinion filed January 2, 2026. Affirmed.

*Sean P. Randall*, of Kansas Appellate Defender Office, for appellant.

*Ryan J. Ott*, assistant solicitor general, and *Kris W. Kobach*, attorney general, for appellee.

Before ARNOLD-BURGER, P.J., MALONE and BOLTON FLEMING, JJ.

PER CURIAM:  Calie Ann Lundquist appeals the district court's order revoking her probation and imposing the original sentences in two cases consolidated for appeal. Before briefing was completed, this court granted Lundquist's motion to remand the case to district court with directions to make findings of fact and conclusions of law on Lundquist's allegation that her intensive supervision officer (ISO) had committed perjury in the probation revocation hearing. The district court found on remand that the alleged perjured statements were immaterial to whether Lundquist violated her probation and did

1

not affect the district court's decision. Lundquist filed an amended notice of appeal from that ruling. For reasons explained below, we affirm the district court's judgment.

FACTUAL AND PROCEDURAL BACKGROUND

On January 7, 2021, in case No. 20-CR-477 (Case 1), Lundquist pled no contest to possession of marijuana with intent to distribute, non-residential burglary, and theft. On May 6, 2021, in case No. 21-CR-79 (Case 2), Lundquist pled guilty to distribution of marijuana and possession of marijuana. The district court sentenced Lundquist in both cases on May 14, 2021. In Case 1, the district court sentenced Lundquist to a controlling 104-month prison term but granted a downward dispositional departure to 36 months' probation. In Case 2, the district court granted a durational and dispositional departure and sentenced Lundquist to a controlling 48-month prison term with 36 months' probation. The district court ordered the two sentences to run consecutive.

On June 6, 2022, the district court held a joint probation violation hearing where Lundquist admitted to ingesting methamphetamine while on probation. The district court also found from the evidence that Lundquist violated the law and committed new crimes while on probation. The district court imposed a 60-day jail sanction.

The district court held a second joint probation violation hearing on March 27, 2023 on allegations that Lundquist ingested methamphetamine on several occasions, removed her ankle monitoring device, and committed the new offenses of making false information, theft, and conspiracy for theft of property or services. The State called five witnesses. The first witness was Katie Hales, Lundquist's ISO. Hales testified that Lundquist used methamphetamine while on probation for which she accepted a voluntary sanction of wearing an electronic monitoring device. Hales also testified she learned that Lundquist had violated that sanction after she was contacted by "Detective Doze from the sheriff's office advising that [Lundquist] was a suspect in a new case." Hales followed up

2

on the information and learned that Lundquist was on video and in photographs outside of her home without her ankle monitor, and that she had admitted to other law enforcement personnel to removing her ankle monitor. Hales provided little other testimony on the allegations against Lundquist.

Tyler Lehmkuhl, another ISO, testified that he contacted Lundquist after Hales learned that she may have taken off her ankle monitor. Lehmkuhl testified that Lundquist admitted to taking off her ankle monitor the previous weekend. Lundquist claimed the ankle monitor slipped off and she did not divulge what she did while it was off.

Ryan Hanhardt, a Barton County sheriff's deputy, testified that he responded to a theft report on January 23, 2023. According to Hanhardt, an employee of LD Drilling reported that there were some "valves missing from one of the leases that he services." He investigated a local scrap yard and eventually located some of the missing valves.

Travis Doze, a sheriff's detective, testified that he helped investigate the reported theft of the valves that were sold to the scrap yard. Doze spoke with one of the employees of the scrap yard, Rashawna Zimmerman, who reported that Lundquist had sold the valves to the scrap yard on January 21, 2023. Doze obtained a receipt for the transaction from Zimmerman showing that the transaction occurred on "01/21 of 2023 at 11:17 A.M." and the payment was made to "Calie Lundquist." The receipt included a disclaimer that any person selling an item had to declare that they had not stolen it. The receipt was admitted into evidence. Doze also testified that he reviewed surveillance video and still-frame pictures of Lundquist bringing in a container of valves to the scrap yard.

Doze interviewed Lundquist, who initially claimed she did not know about the stolen valves. After Doze explained that he had video of her selling the valves, she admitted to removing her ankle monitor so she would not be "seen" at the scrap yard or anywhere else. She then admitted to selling the valves for a man named Kurt Woods and

3

"she had some suspicion that the valves were stolen." Lundquist agreed to sell the valves in exchange for some of the money and transportation to buy methamphetamine, which Lundquist admitted to purchasing. Doze obtained a search warrant for Lundquist's cellphone so he could review text messages between Lundquist and Woods.

Zimmerman was the final witness. She described how on January 21, 2023, Lundquist brought in brass that was indicative of oil field fittings. Zimmerman conducted the transaction with Lundquist but did not talk with her. Zimmerman confirmed that the receipt she gave Lundquist included a disclaimer that the seller had a right to sell the goods and convey title. Lundquist presented no evidence at the hearing.

After hearing the evidence, the district court found the State had shown by a preponderance of the evidence that Lundquist violated her probation by ingesting methamphetamine, leaving the area where she was authorized to be, removing her ankle monitor, and committing the new offenses of making false information and theft. The district court revoked Lundquist's probation and imposed the original sentences, noting probation was the result of a dispositional departure and she committed new crimes on probation. Lundquist appealed in both cases and this court consolidated the appeals.

Before briefing was completed, Lundquist moved to remand the case to the district court for findings on allegations that Hales had committed perjury during the probation violation hearing. The motion alleged that while Hales was testifying, ISO Lehmkuhl "realized [Hales] was lying regarding how she became aware of Ms. Lundquist's alleged participation in a criminal offense while on probation." This court remanded the case to the district court "for the limited purpose of making findings of fact and conclusions of law" on the perjury allegation. This court's order allowed Lundquist to appeal any adverse rulings on remand by filing an amended notice of appeal.

On remand, the case was assigned to a different judge than the judge who had presided over Lundquist's probation violation hearing. The record does not reflect the reason for this reassignment. The district court appointed counsel to represent Lundquist in the proceedings on remand. The record does not show that Lundquist objected to the district court's procedure in handling the remand proceedings.

The district court on remand issued an order on December 2, 2024. The order stated that the district court "has conducted several hearings with the county attorney and [Lundquist's] appellate counsel and the new counsel appointed for the purpose of this remand." We have not been provided with transcripts of these hearings. It appears from the district court's order that the court had reviewed our court's remand order, Lundquist's motion in our court that resulted in the remand order, and the transcript of the March 27, 2023, probation violation hearing. We have these documents for our review on appeal.

The district court's order indicated that it had reviewed Lundquist's motion and found that the only allegation of perjury related to this case was that Hales lied about how she learned Lundquist had committed a new crime while on probation. The district court found that how Hales learned about the new crime was "not material" to the decision to revoke Lundquist's probation. The district court emphasized that other witnesses at the hearing testified about Lundquist's involvement in new crimes. The district court found "that if Ms. Hales had not testified at all, the results of the hearing would have been the same." The district court concluded "that whether Ms. Hales committed perjury at the probation revocation hearing had no impact on the decision made by the presiding judge." Lundquist filed an amended notice of appeal on the district court's findings.

Lundquist raises two issues on appeal: (1) She claims the district court erred in finding Hales' alleged perjury was immaterial; and (2) she claims the district court erred in revoking her probation and imposing the original sentences.

5

*The district court's findings on the allegation of perjury*

Starting with the perjury claim, this court remanded the case for findings of fact and conclusions of law on Lundquist's allegations. The district court found below that even if the allegations were true the perjury was not material to proving the probation violations and thus did not affect the proceedings. Whether an alleged perjured statement is material is a question of law to be determined by the district court. *State v. Rollins*, 264 Kan. 466, 474, 957 P.2d 438 (1998) ("Since 1872, Kansas courts have interpreted materiality as an issue to be decided by the judge, and the legislature has not deemed it necessary to overrule that determination."). "Material evidence is that which tends to establish a fact that is at issue and is significant under the substantive law of the case." *State v. Marks*, 297 Kan. 131, 142, 298 P.3d 1102 (2013).

When a case has been remanded for the district court to make findings of fact and conclusions of law, an appellate court applies a bifurcated review standard. The appellate court generally reviews the factual findings under the substantial competent evidence standard, disregarding any conflicting evidence or other inferences that might be drawn from the evidence. The conclusions of law based on those findings are subject to unlimited review. *State v. Dooley*, 313 Kan. 815, 819, 491 P.3d 1250 (2021).

To start, the State claims that this court lacks jurisdiction to hear this issue because the record did not show Lundquist filed an amended notice of appeal after the district court's order on remand. After the State filed its brief, Lundquist added the amended notice of appeal to the appellate record. This court has jurisdiction over the claim.

The State also claims that Lundquist has failed to designate a record showing error because none of the orders or non-evidentiary hearing transcripts on the perjury issue on remand were included in the appellate record when the State filed its brief. Lundquist claims that she appended the district court's order to her supplemental brief and thus met

6

her burden to designate the record. Lundquist is wrong because the appendix of a brief is not a substitute for the appellate record. *State v. Ferrell*, No. 124,188, 2022 WL 4003807, at *5 (Kan. App. 2022) (unpublished opinion). But as with the amended notice of appeal, Lundquist also later added the order into the record on appeal. Both parties addressed the merits of the order in their appellate briefs. Because the order was added to the appellate record and because the parties both addressed the order in their briefs, we deem the record sufficient to address the merits of Lundquist's claim.

Turning to the merits, everything in the record provided for our review supports the district court's finding that how Hales learned about the new crimes was immaterial to the decision to revoke Lundquist's probation. In fact, Hales provided little testimony at the hearing, leading to the district court's conclusion that had Hales not testified at all, the results of the hearing would have been the same. Lundquist admitted to Lehmkuhl that she removed her ankle monitor. As for the theft of the valves, Doze obtained a video of Lundquist selling the valves at the scrap yard. Lundquist admitted to Doze that she sold the valves for a man named Kurt Woods and that she suspected that the valves were stolen. Lundquist agreed to sell the valves in exchange for some of the money and transportation to buy methamphetamine, which Lundquist admitted to purchasing.

From this evidence, the district court found the State had shown by a preponderance of the evidence that Lundquist had violated the conditions of her probation on several grounds including committing new offenses. See *State v. Lloyd*, 52 Kan. App. 2d 780, 782, 375 P.3d 1013 (2016) (holding State must prove probation violation by a preponderance of the evidence). The district court revoked Lundquist's probation and imposed the original sentences, noting probation was the result of a dispositional departure and she committed new crimes. See K.S.A. 22-3716(c)(7)(C).

Although the record does not reflect that Lundquist objected in district court to the case being reassigned to another judge for the remand proceedings, she now asserts on

7

appeal that "[t]here is simply no way for this judge to know what another judge would have found if it was made aware that Ms. Hales was committing perjury from the stand." Although it may have been prudent for the same judge to preside over both hearings, we find no error in the district court's finding that any alleged perjury committed by Hales was immaterial to the decision to revoke Lundquist's probation. Whether an alleged perjured statement is material is a question of law to be determined by the district court. *Rollins*, 264 Kan. at 474. "Material evidence is that which tends to establish a fact that is at issue and is significant under the substantive law of the case." *Marks*, 297 Kan. at 142.

The district court's finding that any alleged perjury committed by Hales was immaterial to the decision to revoke Lundquist's probation was a legal conclusion drawn from the evidence. And it is the only proper legal conclusion the district court could have drawn from the evidence. Hales' testimony about how she learned Lundquist had committed a new crime was immaterial to the issues before the court at the hearing. The important evidence was that Lundquist removed her ankle monitor and participated in the sale of stolen property—all established through other witnesses at the hearing. The district court's factual findings were supported by substantial competent evidence and its legal conclusion was sound. We conclude the district court did not err in finding Hales' alleged perjury was immaterial to the probation revocation proceedings.

*The revocation of Lundquist's probation*

Lundquist also claims the district court erred in revoking her probation and imposing the original sentences. The State asserts the district court properly acted within its discretion in revoking Lundquist's probation based on the record.

The procedure for revoking a defendant's probation is governed by K.S.A. 22-3716. Generally, once a probation violation is established, a district court has discretion to revoke probation and impose the original sentence. *State v. Tafolla*, 315 Kan. 324, 328,

8

508 P.3d 351 (2022). An appellate court reviews a district court's revocation of probation for an abuse of discretion. 315 Kan. at 328. "A district court abuses its discretion if no reasonable person could agree with its decision or if its exercise of discretion is founded on a factual or legal error." *State v. Butler*, 315 Kan. 18, Syl. ¶ 1, 503 P.3d 239 (2022). The party asserting the district court abused its discretion bears the burden of showing it. *State v. Peters*, 319 Kan. 492, 497-98, 555 P.3d 1134 (2024).

Lundquist does not challenge the district court's finding that she violated the conditions of her probation. She also does not assert that the district court's decision was based on any factual or legal error. Interestingly, Lundquist argues that the district court abused its discretion because it failed to follow the recommendation made by Hales—the ISO Lundquist accused of offering perjured testimony—to reinstate probation. But just because Hales recommended that Lundquist's probation be reinstated does not mean the district court abused its discretion in revoking probation based on the evidence.

Lundquist also cites the evidence that she only produced five "'dirty'" UA tests in 22 months, that she was involved in an outpatient recovery program, that she was involved with her children, and that she maintained employment as reasons the district court should not have revoked her probation. But these successes do not excuse Lundquist's substantial failure to comply with other conditions of her probation.

Lundquist's probation was granted as the result of a dispositional departure. She violated the conditions of her probation on two separate occasions for many reasons including the commission of new crimes. We cannot say that no reasonable person would agree with the district court's decision to revoke Lundquist's probation. Lundquist has failed to show the district court abused its discretion in revoking her probation.

Affirmed.