No. 45,133

STATE OF KANSAS, *Appellee*, v. JAMES ARTHUR TAYLOR, *Appellant*.

(447 P. 2d 806)

Opinion filed December 7, 1968.

*James M. Brewster*, of Overland Park, argued the cause and was on the brief for appellant.

*P. Stephen Martin*, Assistant County Attorney, argued the cause and *Robert C. Londerholm*, Attorney General, and *James W. Bouska*, County Attorney, were with him on the brief for appellee.

The opinion of the court was delivered by

FROMME, J.: The defendant, James Arthur Taylor, was convicted by a jury of burglary in the second degree and has appealed from the judgment of conviction and sentence.

The evidence will be summarized.

A deputy sheriff while patroling a rural area in Johnson county in the early morning discovered a burglary in progress at a county schoolhouse. In the beam of his spotlight the patrolman saw two men run from the school building. They ran toward open county in a northwesterly direction. One man was dressed in light colored clothing and the other in dark clothing. The patrolman reported these facts over his radio to a dispatcher in the sheriff's office. A second deputy in the area was dispatched to help with the investigation. When he was about two miles northwest of the school-house he overtook the defendant. The defendant, accompanied

by another man, was driving a car. No other traffic was observed in the area. The deputy stopped the defendant's car to investigate. The car's license number was on a sheriff's list of cars suspected of being used in recent burglaries. The defendant was recognized from pictures seen in the sheriff's office. The deputy saw a set of walkie-talkies lying on the back seat of defendant's car. The deputy sheriff knew this method of communication was frequently used by burglars. One man in the car was dressed in dark clothing and one in light clothing. The defendant's shoes were muddy and there were splatterings of mud on his lower trouser legs. The terrain in the vicinity of the schoolhouse was muddy. The men said they were going fishing and had made a recent comfort stop. The defendant was not in possession of either a fishing license or fishing equipment. It was five o'clock on a winter morning in February. The two men were taken to the Stillwell Grade School where the burglary had occurred and were later lodged in jail.

An examination of the building disclosed that someone had recently entered the building by breaking a north window. A steel screen across an inner corridor in the building had been forced away from the wall. A hole had been broken in a wall beside a steel door. A large pry bar was found in the corridor. Outside the building a sledgehammer and flashlight were found 100 yards northwest of the schoolhouse. A pry bar, two punches, hammer, pliers and the walkie-talkie were found in defendant's car.

The defendant was tried and convicted of second degree burglary.

On appeal to this court he specifies various errors as grounds for reversal. We will examine these in the order they are set out in his brief.

The defendant contends the trial court erred in refusing to grant him a continuance in order that he might employ an expert witness to examine and evaluate the state's fingerprint evidence. The state's evidence on this point concerned a fingerprint, which matched one of the defendant's, found on a flashlight battery. The flashlight was the one found in the open field about 100 yards northwest of the school building.

A special examiner for the Kansas Bureau of Investigation, Mr. Buchanan, made the comparison and identification.

Six days before the trial date defendant had requested and was granted permission to examine the fingerprint evidence. The record shows six separate continuances were requested and granted to

defendant during a period of one month preceding the trial. The order about which defendant now complains was made in response to his seventh motion for continuance. The motion was made on the day of trial. From the record it appears the defendant's expert had not yet been employed and had made no examination of the fingerprint evidence. The nature of his testimony was undetermined and speculative.

The granting or denial of a continuance in a criminal prosecution is largely within the discretion of the trial court, and its ruling will not be disturbed in the absence of a showing that such discretion has been abused to the extent that substantial rights of the defendant have been prejudiced. (See *State v. Dickson*, 198 Kan. 219, 424 P. 2d 274 and *State v. Milum*, 202 Kan. 196, 447 P. 2d 801.)

No showing has been made the trial court abused its discretion and it does not appear substantial rights of the defendant were prejudiced by the denial.

The second point raised is that the trial court erred in not granting defendant's request for funds to employ an expert to examine the fingerprint evidence.

The defendant is not claiming suppression of evidence obtained by the prosecution. Full opportunity to examine and evaluate the state's fingerprint evidence was granted. The present motion was made to obtain funds to hire a second fingerprint expert.

Our statutes provide for appointment of counsel for an indigent (K. S. A. 62-1304), provide for compulsory process to secure the attendance of witnesses from any county (K. S. A. 62-1308 and 1309), make it unnecessary to tender witness fees in advance (K. S. A. 62-1312), authorize the defendant to obtain testimony from witnesses outside the state (K. S. A. 62-1313) and authorize a record of the trial proceedings for an indigent without cost. (K. S. A. 62-1304 (*b*).

We have no statute to authorize and provide the supporting services of an expert to an indigent defendant in a criminal case.

Provision for supporting services to assist counsel for an indigent in making an adequate defense to criminal charges has been provided by statute in some states. (Fla. Stat. ann. § 932.30; Ill. Rev. Stat. c 38 § 113-3 (*e*); N. Y. Code Crim. Proc. § 308; Pa. Stat. anno. tit. 19 § 784.)

In the absence of statute the duty to provide such may arise

and be exercised because of an inherent authority in courts to provide a fair and impartial trial as guaranteed by Section ten of the Kansas Bill of Rights and the due process clause of the United States constitution. (See *Griffin v. Illinois,* 351 U. S. 12, 100 L. Ed. 891, 76 S. Ct. 585.)

The legislature of this state has not been seen fit to enact a statute. The subject of providing funds for supporting services to counsel for indigents suggests a broad vista of incautious dicta beyond the requirements of this particular case. In the absence of statute a request for supporting services must depend upon the facts and circumstances of each case. Therefore it must rest in the sound discretion of the trial court. (See *State v. Freeman,* 195 Kan. 561, 408 P. 2d 612, cert. den. 384 U. S. 1025, 16 L. Ed. 2d 1030, 86 S. Ct. 1981; *State v. Greenwood,* 197 Kan. 676, 680, 421 P. 2d 24; *State v. Zimmer,* 198 Kan. 479, 484, 426 P. 2d 267, cert. den. 389 U. S. 933, 19 L. Ed. 2d 286, 88 S. Ct. 298.)

Defendant's motion in the present case was made after five continuances had been requested and granted over a period of thirty days preceding the trial date. From the record before us this additional request appears to have been made more to delay the trial than to provide available testimony for the defense. There is nothing in the record to indicate the testimony of a second fingerprint expert would be helpful to the defendant. At the trial the state's expert was subjected to vigorous cross-examination which disclosed nothing to detract from his qualifications, method of identification or the final opinion given. There simply was nothing shown to suggest the services of an additional expert would be helpful. Mere hope or desire to discover some shred of evidence when not coupled with a showing the same is reasonably available and necessary for a proper defense does not support a claim of prejudicial error.

The granting or denial of a motion to provide supporting services to counsel for an indigent defendant in a criminal prosecution is a matter within the discretion of the trial court. Its ruling will not be disturbed in the absence of a showing that such discretion has been abused to the extent that a defendant's substantial rights have been prejudiced. (*State v. Freeman,* supra; *State v. Greenwood,* supra, *State v. Zimmer,* supra.)

No showing of abuse of discretion appears in this record.

Defendant next contends the trial court erred in not providing a different lawyer on the day set for trial.

This contention is based upon defendant's personal request which appears in the record. To support this request defendant stated his trial counsel had suggested at one time he should plead guilty. As an innuendo defendant said he needed to take care of business in Missouri instead of proceeding with trial. His appointed counsel denied he had requested a plea of guilty.

The trial court stated:

"Well, there has been one attorney withdraw from this case already, and the court appointed an attorney for you, and apparently the attorney is doing a good job for you. The court is going to deny the motion."

The record establishes throughout the proceedings counsel diligently and faithfully performed his duties. The accusation is not supported by any suggestion of professional incompetency. Under such circumstances this claim of error is irresponsible, unwarranted and must be disregarded as frivolous. (*State v. Calhoun,* 194 Kan. 378, 399 P. 2d 886.)

The defendant says the court erred in admitting into evidence the walkie-talkie and the tools taken from defendant's car without a search warrant.

The facts and circumstances surrounding this arrest as previously set out indicate the search was an incident to a lawful arrest made upon probable cause under the guidelines of *State v. Brown,* 198 Kan. 473, 426 P. 2d 129 and cases cited therein. These exhibits were properly before the jury.

The defendant argues it was error to admit an authenticated copy of a prior conviction.

The defendant had previously been convicted of burglary and larceny from a school building. An authenticated copy of the conviction was introduced during the state's case in chief. It was admitted by the court under K. S. A. 60-455 to prove certain material facts including defendant's plan of operation. The court admitted the same for the purposes approved by the statute and gave a limiting instruction that the jury should not consider this exhibit for the purpose of establishing the commission of the crime for which defendant was presently charged. The defendant had filed a notice of alibi and the matter of identity of the person committing the offense was thereby an issue in the case. (See *State v. Wright,* 194 Kan. 271, 275, 398 P. 2d 339.)

The prior conviction was admitted in the state's case in chief and was proper under the guidelines recently set forth in *State v. Roth*, 200 Kan. 677, 438 P. 2d 58.

Defendant contends the trial court erred in failing to instruct on third degree burglary.

K. S. A. 21-520 provides:

"Every person who shall be convicted of breaking and entering in the nighttime . . . any shop . . . or other building, . . . shall on conviction be adjudged guilty of burglary in the second degree: *Provided,* That if the evidence produced at any trial of any person charged hereunder, shall in the opinion of the jury . . . be insufficient to prove that the alleged crime was committeed in the nighttime, the jury . . . may find the defendant guilty of burglary in the third degree. . . ."

The defendant was charged in the information with burglary "in the nighttime." The record discloses ample evidence that the burglary was committed in the nighttime. The jury found defendant guilty as charged.

Under K. S. A. 21-520 a defendant charged with burglary in the nighttime may be found guilty of burglary in the daytime if evidence of commission in the nighttime is insufficient. The evidence was not insufficient in this case.

The state's witnesses testified that the burglars were flushed from the building and arrested shortly thereafter in the early morning hours when it was dark outside. There was testimony that this occurred before 5 o'clock a. m. on February 5, 1967. There was no evidence to dispute the time of commission. Defendant's theory of defense was alibi, he was going fishing at the time the burglarly occurred.

Failure to instruct the jury on burglary "in the daytime" was not error for the evidence at the trial excluded any theory of guilt in the daytime. (See *State v. Hoy*, 199 Kan. 340, 343, 430 P. 2d 275 and cases cited therein.)

Defendant claims prejudicial error because certain exhibits were not available to the jury on request.

Two enlarged photographs of the fingerprints, previously discussed herein, were used by a witness and admitted in evidence as exhibit 22. At the close of his testimony the witness returned to Topeka and took the photographs with him by mistake. The jury after some deliberation requested permission to examine the photographs in the jury room. On learning what had happened the court sent for the exhibit. However, the jury continued their

deliberations and reached a verdict before the photographs were returned.

Defendant fails to point out how his substantial rights were prejudiced thereby. The exhibit was introduced on behalf of the prosecution and supported the state's case. It was not favorable to the defendant.

The trial court should disregard any error or defect in the trial which does not affect the substantial rights of the defendant (K. S. A. 60-261) and this court should likewise disregard technical errors or defects which do not affect his substantial rights (K. S. A. 62-1718).

We have reviewed the record carefully and find adequate evidence to support the verdict and judgment. No error is found. The judgment is affirmed.