No. 46,081

STATE OF KANSAS, *Appellee,* v. RICHARD FRIDEAUX, *Appellant.*

(487 P. 2d 541)

Opinion filed July 16, 1971.

*Ronald L. Leslie,* of the firm of Hess, Dowd, Cronhardt & Leslie, Hutchinson, argued the cause and was on the brief for the appellant.

*Porter K. Brown,* County Attorney, argued the cause, and *Vern Miller,* Attorney General, was with him on the brief for the appellee.

The opinion of the court was delivered by

PRICE, C. J.: Defendant, Richard Frideaux, appeals from a conviction of the offense of attempting to aid or assist a prisoner being held in the Reno county jail awaiting trial on four felony charges—to escape therefrom—in violation of K. S. A. 21-101 and 21-728.

Very briefly—the background of the matter is this.

One Charles Holder was being held in jail, along with defendant and others. Defendant was released on bond on December 9, 1969. The next day he delivered to the jailer a paper sack containing a tube of toothpaste and requested that it be given to Holder. Shortly thereafter it was discovered that the tube contained hacksaw blades, and defendant was charged accordingly.

A jury returned a verdict of guilty. Defendant's motion for a

new trial was denied. Having previously been convicted of forcible rape in Scott county, he was sentenced to confinement under applicable statutes — including the habitual criminal act (K. S. A. 21-107a.).

This appeal followed.

Only three contentions of alleged error are made.

Defendant was contending that the tube of toothpaste had been given to him by a "young Mexican with a small tatoo on his forehead" for delivery to Holder; that he did not know the Mexican or his whereabouts, and that he was ignorant of the fact the tube contained the hacksaw blades.

As here pertinent, K. S. A. 1970 Supp. 22-4508 provides that a defendant who is financially unable to obtain investigative, expert or other services necessary to an adequate defense may request them in an *ex parte* application addressed to the court in which the action is pending. After an appropriate inquiry, and upon a finding that such services are necessary and that defendant is financially unable to obtain them, the court shall authorize defendant's counsel to obtain the services in question at public expense.

Defendant long had known that his trial was set for March 18, 1970, but waited until March 2 to file his application for investigative services authorized by the statute. In it he requested that a named private investigator of Hutchinson be appointed and that he should be paid $8.00 per hour and mileage at 12¢ per mile and other necessary expenses in connection with the investigation.

The application was heard by the court on March 2 and was denied. The court, after mentioning the delay in filing the application and the indefinite amount of expense involved, commented:

"It further appears the witness' name and address are unknown and he can only be described as a 'young Mexican with a red tatooed mark on his forehead'. Allegedly, this Mexican handed defendant certain contraband items; and if true, defendant has no assurance said witness, if found, and placed on the witness stand under oath, would not plead the '5th amendment', or if he were given immunity by the State from prosecution would then testify to defendant's damage."

It is contended that it was error to deny the application.

We believe the contention to be without merit.

In *State v. Taylor*, 202 Kan. 202, 447 P. 2d 806, it was held:

"The granting or denial of a motion to provide supporting services to counsel for an indigent defendant in a criminal prosecution is a matter within the discretion of the trial court. Its ruling will not be disturbed in the absence

of a showing that such discretion has been abused to the extent that the defendant's substantial rights have been prejudiced." (Syl. 1.)

To the same effect is *State v. Young*, 203 Kan. 296, syl. 1, 454 P. 2d 724.

The *Taylor* case was decided prior to the enactment of the "investigative services" statute (K. S. A. 1970 Supp. 22-4508) and the *Young* case was decided prior to the effective date of the statute—but under its very terms there must be a finding by the court that the services are *necessary*. Such a finding necessarily involves the exercise of discretion by the court after consideration of the facts and circumstances of a particular case. While the statute authorizes the expenditure of public funds for the enumerated purposes—it is not to be construed as mandatorily providing them in every case upon application by a defendant—the final decision rests with the court to which the application is made—and a determination as to the necessity for them rests within the sound discretion of the court. On the general subject see the Annotation at 34 ALR 3d 1256.

Furthermore, at the trial defendant testified as to the "young Mexican with a small tatoo on his forehead," and the jury also heard his witnesses—former fellow inmates of the jail—testify as to conversations about means of getting the hacksaw blades to Holder through a woman intermediary. The jury heard the whole story, and it has not been shown that defendant's substantial rights were in any way prejudiced by the denial of his application for investigative services. His contention as to this point is not sustained.

Defendant next complains the trial court erred in refusing to admit in evidence the deposition of one Voreis, an inmate of the county jail at the time the events in question took place.

It appears that on January 14, 1970, Voreis gave two statements in "deposition" form—which were entirely contradictory in substance. They were not read by him—nor signed. Prior to defendant's trial Voreis was removed to California by authorities of that state. The record shows no compliance with the provisions of K. S. A. 60-230 (e)(f) relating to the taking and use of depositions, and no waiver by the state. Further, the record shows no attempt by the defendant to secure the attendance of Voreis at the trial or to comply with the provisions of K. S. A. 60-226 (d) (3). Defendant's claim of error in this respect is not sustained.

Finally, defendant contends it was error to admit in evidence the

hacksaw blades because the state had not established a complete chain of their possession under lock and key.

This complaint requires but brief mention. It appears that defendant had handed the sack containing the tube of toothpaste to the jailer for delivery to Holder. The jailer placed it on top of a file cabinet in his office where it remained for perhaps an hour or longer. Two jail trusties had access to the office, but the record establishes that neither one handled the sack or its contents. A short time later the jailer and the sheriff discovered a slit in the tube, and the blades. There is no showing whatever that the tube was handled by anyone other than the officers, and there is no substance to defendant's contention.

No complaint is made of the instructions, and there is nothing to indicate defendant did not have a fair trial. No error being shown—the judgment is affirmed.