MR. JUSTICE ERICKSON
delivered the opinion of the Court.
This is an original proceeding. The petition for mandamus which is before us sets forth that the defendant (petitioner), Yvonne Brown, who is indigent, has been charged with murder, aggravated robbery, and conspiracy. The defendant requests that we enter an order requiring the district court to provide investigatory, expert, and other services to her. We issued a rule to show cause and now discharge the rule.
The petition for mandamus, as well as the motion in the trial court, describes in general and conclusory terms an alleged need for expert witnesses and the other defense services. The skeleton-like record contains nothing more than the bald conclusions of counsel and does not provide any factual basis for granting relief in the nature of mandamus. A transcript of the proceedings in the trial court is not before us, and there is no basis upon which we could conclude that the trial court abused its discretion.
Because both the public defender, representing a codefendant of Brown, and the district attorney have investigatory services available to their offices, Brown’s court-appointed counsel conclude that they are entitled to similar services. Nothing appears in the record to indicate the nature of the investigatory assistance requested or to establish that such services would in any way assist the defendant.
We recognize that the legislature, in adopting section 18-1-403, C.R.S. 1973, was endeavoring to meet and implement the ABA Standards for Criminal Justice Relating to Providing Defense Services § 1.5. See also 1971 Perm. Supp., C.R.S. 1963, 40-1-503. Section 18-1-403, C.R.S. 1973, sets forth that:
“18-1-403. Legal assistance and supporting services. All indigent persons who are charged with or held for the commission of a crime are entitled to legal representation and supporting services at state expense, to the extent and in the manner provided for in sections 21-1-103 to 21-1-105, C.R.S. 1973.”
Generally, section 21-1-103, C.R.S. 1973, places an affirmative duty on the public defender to represent indigent persons, while sections 21-1-105, C.R.S. 1973, provides court appointment of an attorney, other than the public defender.
We hold that the granting of denial of a motion to provide supporting services to counsel for an indigent defendant in a criminal prosecution is a matter within the sound discretion of the trial court. State v. Taylor, 202 Kan. 202, 447 P.2d 806 (1968); see also State v. Green, 55 N.J. 13, 258 A.2d 889 (1969). The trial court did not abuse its discretion by denying a motion for appointment of experts when no showing was *471 made that the services sought by the defendant were reasonable, necessary, or in any way helpful to her defense. Watson v. Patterson, 358 F.2d 297 (10th Cir. 1966); McCracken v. State, 521 P.2d 499 (Alas. 1974); State v. Hancock, 164 N.W.2d 330 (Iowa 1969); State v. Green, supra; State v. Taylor, supra; Commonwealth v. Phelan, 427 Pa. 265, 234 A.2d 540 (1967), cert, denied 391 U.S. 920, 88 S.Ct. 1803, 20 L.Ed.2d 657 (1968); People v. Watson, 36 Ill.2d 228, 221 N.E.2d 645 (1966); sec also Margolin and Wagner, The Indigent Criminal Defendant and Defense Services: A Search for Constitutional Standards, 24 Hastings L.J. 647 (1973).
The defendant herein, having failed to demonstrate any particularized and reasonable need for the appointment of investigatory, expert, or for other defense services, was not entitled to the appointment of expert witnesses. The trial court did not abuse its discretion or exceed its jurisdiction in denying the defendant’s motion.
Accordingly, we discharge the rule.