(582 P.2d 309)
No. 49,821

STATE OF KANSAS, *Appellee,* v. WILLIAM A. KING, *Appellant.*

Opinion filed August 4, 1978.

*Hugh R. McCullough,* Assistant Public Defender, for the appellant.

*James J. Welch,* Assistant District Attorney, *Curt T. Schneider,* Attorney General, and *Gene M. Olander,* District Attorney, for the appellee.

Before FOTH, C.J., PARKS and SWINEHART, JJ.

PARKS, J.: Defendant William (Billy) Alan King appeals from a jury conviction of aggravated juvenile delinquency. K.S.A. 21-3611(1)(*f*).

In March, 1977, the defendant was committed to the Youth Center at Topeka, Kansas. At that institution he was treated for psychological problems by psychiatrist Dr. Roman Rodriguez, who prescribed the medication Stelazine for him. Once before and twice after the drug regimen was initiated, defendant ran away from the Youth Center. All three elopements occurred within a six-month period, and are the basis for the aggravated delinquency charge. The defense was that he was not acting voluntarily when he ran away but was involuntarily intoxicated by the drugs being given to him.

Lawrence Penny, Youth Center superintendent, was called as the state's first witness. He testified on cross-examination as to certain medical entries in the defendant's institutional record. One such entry indicated that on June 25, 1977, 10 milligrams of Stelazine were prescribed for the defendant. The entry in the "side effect/result" column for the same date contained the phrase "went AWOL."

After Mr. Penny testified, the state moved to endorse the treating psychiatrist, Dr. Rodriguez, who could testify about the side effects of the drug prescribed for the defendant. It was the state's contention that going AWOL is not a side effect. At that point, counsel for the defendant argued that he too would need to call an

expert witness experienced in drug treatment and well informed about the side effects of drugs. Defendant requested funding for these services under K.S.A. 22-4508.

Both counsel were questioned by the court about their reasons for not requesting the services before the trial. The defendant was aware of the medical entry prior to the trial, had requested jury instructions based upon involuntary intoxication and had brought the matter into issue during cross-examination of Mr. Penny. Defense counsel explained, "We didn't think expert testimony was necessary, the record speaks for itself." On the other hand, the state claimed surprise in that it had no idea that the defendant was going to use an involuntary intoxication defense or anything related to medication.

Without making any preliminary findings, the court agreed to allow both sides to endorse and call an expert. After initially suggesting that both parties utilize the services of Dr. Horne, the psychiatrist for the Unified Court Services, the court ruled that Dr. Horne would be made available to the defendant. Dr. Rodriguez was later permitted to testify for the state.

The sole issue is whether the trial court erred in refusing to allow the defendant funds to employ an expert witness of his own choosing.

K.S.A. 22-4508 provides in pertinent part:

"Upon finding, after appropriate inquiry in an *ex parte* proceeding, that the [expert's] services are necessary . . . the magistrate or court shall authorize counsel to obtain the services on behalf of the defendant."

Whether expert services are necessary to an adequate defense is a matter left to the sound discretion of the trial court. A denial of an application for expert services will not be disturbed in the absence of a showing that the court abused its discretion to the extent that the defendant's substantial rights have been prejudiced. *State v. Burnett,* 222 Kan. 162, Syl. ¶ 3, 563 P.2d 451 (1977). Under the terms of K.S.A. 22-4508 there must be a finding by the court that the services are necessary and a determination as to the necessity for them rests within the sound discretion of the court. *State v. Campbell,* 210 Kan. 265, 274, 500 P.2d 21 (1972); *State v. Frideaux,* 207 Kan. 790, 792, 487 P.2d 541 (1971).

Here the defendant requested expert services in order to rebut Dr. Rodriguez's testimony. The trial court made no finding, as required by statute, that those services were necessary. Absent that finding, the trial court had no duty to grant the request.

This court finds no abuse of discretion on the part of the trial court.

Judgment is affirmed.