STATE *ex rel.* HARTZEL RAY FOSTER

*v.*

HON. EDWARD T. LUFF, *Judge, etc.*

(NO. 14742)

Decided April 4, 1980.

*LaVerne Sweeney*, for relator.

*Chauncey H. Browning*, Attorney General, *David P. Cleek*, Assistant Attorney General, for respondent.

MILLER, JUSTICE:

This is a proceeding for a Writ of Prohibition and for a Writ of Mandamus brought by Hartzel Ray Foster who is presently awaiting trial on a charge of first degree murder in the Circuit Court of Barbour County. Among other points, the relator, Foster, who is an indigent, contends that the respondent has abused his discretion in failing to authorize the expenditure of adequate funds to enable his defense counsel to procure the services of experts needed to perfect his defense.

The relator was charged with murdering Arideth McHenry. The entire circumstances surrounding the homicide are not detailed in the petition, but it does appear the victim was also alleged to have been shot by a third party, Ronald Knight. In the course of preparing for trial, the relator's counsel determined that the services of a forensic pathologist and ballistics expert would be of potential value in showing that the relator had not fired first, as the State's evidence seemed to indicate. He also determined that the services of a psychiatrist were

needed to develop his client's psychiatric defense. A request was also made for a surveyor, who could diagram the site of the homicide. This latter claim was abandoned on appeal since the mobile home, where the homicide occurred, had been destroyed by fire. In consulting experts in the appropriate fields, the relator's counsel learned that their fees would be considerably in excess of $1,000. Upon ascertaining what they would charge, he moved that the court provide him with the necessary funds. After receiving the relator's motion, the court set a limit on allowable expert expenses at $1,000.

*W.Va. Code,* 51-11-8, provides for the compensation of attorneys for services and expenses incurred in the defense of an indigent and states:

> "Expenses of the attorney in rendering such services, including, but not limited to, necessary expenses for travel, transcripts, investigative services and expert witnesses, shall be reimbursed to a maximum of five hundred dollars, unless the attorney, for good cause shown to the court, shall have received advance approval to incur expenses for a larger sum."

It is the relator's contention in this case that his counsel adequately demonstrated good cause for expending more than $1,000 for experts for the defense of his case and that the trial judge abused his discretion in refusing to authorize the expenditure.

It does not appear that we have had occasion to determine what constitutes "good cause" under *W.Va. Code,* 51-11-8 that will enable an indigent defendant to receive more than the authorized statutory amount for obtaining expert services.

We note that *W.Va. Code,* 51-11-8, is similar to the Federal Statute providing for the payment of experts for indigents, 18 U.S.C.A. § 3006A(e)[1] except that the federal

---

[1] 18 U.S.C.A. § 3006A(e)(3) provides:

"Maximum amounts.—Compensation to be paid to a person for services rendered by him to a person under this subsection, or to be paid to an organization for services rendered by an employee

act provides a $300 maximum for each expert where ours provides a $500 maximum. The Federal Courts have generally followed the view that some good cause must be shown to authorize payment over the maximum for experts and have set rather detailed procedural standards for making the determination.

They have held that the request for expert assistance must be timely made. *United States v. Bass*, 477 F.2d 723 (9th Cir. 1973); and *United States v. Patterson*, 438 F.2d 328 (5th Cir. 1971). The request should advise the court why the expert services are necessary and should be as specific as possible on this point. *Mason v. State of Arizona*, 504 F.2d 1345 (9th Cir. 1974). The court should accord considerable weight and credence to the request. *Brinkley v. United States*, 498 F.2d 505 (8th Cir. 1974); *United States v. Bass, supra*; see concurring opinion *United States v. Theriault*, 440 F.2d 713 (5th Cir. 1971). Even though the trial judge should give credence to the request, he may conduct an independent inquiry to determine if the allowance of expert assistance is necessary. *United States v. Durant*, 545 F.2d 823 (2nd Cir. 1976); *United States v. Chavis*, 155 U.S.App. D.C. 190, 476 F.2d 1137 (1973). Defense counsel should be afforded an opportunity to elaborate on why he needs the assistance of experts. Cf. *Christian v. United States*, 398 F.2d 517 (10th Cir. 1968). Lastly, the court should articulate on the record its reasons for denying the motion. *United States v. Schultz*, 431 F.2d 907 (8th Cir. 1970); *Christian v. United States, supra*.

State courts have under statutes somewhat similar to ours, accorded the indigent defendant the right to obtain expert witnesses in criminal cases. See, *State v. McGhee*, ____ Iowa ____, 220 N.W.2d 908 (1974); *State v.*

---

thereof, shall not exceed $300, exclusive of reimbursement for expenses reasonably incurred, unless payment in excess of that limit is certified by the court, or by the United States magistrate if the services were rendered in connection with a case disposed of entirely before him, as necessary to provide fair compensation for services of an unusual character or duration, and the amount of the excess payment is approved by the chief judge of the circuit."

*Friedeaux*, 207 Kan. 790, 487 P.2d 541 (1971); *People v. Mencher*, 42 Misc.2d 819, 248 N.Y.S.2d 805 (1964); *State v. Sahlie*, ____ S.D. ____, 245 N.W.2d 476 (1976); *Nelson v. State*, 35 Wis.2d 797, 151 N.W.2d 694 (1967).

In *State v. Sahlie, supra*, the court examined various Federal cases and set the following procedure:

> "We suggest that the following general guidelines be employed in determining when court-appointed experts are essential to an adequate defense. Initially, the request must be made in good faith. The request must be reasonable in all respects. The request must be timely and must set forth specific reasons which seem to make such services needed or necessary to the defendant. The request must specify that the defendant is financially unable to obtain the required service himself and that such services would otherwise be justifiably obtained were the defendant financially able.

> "The trial court should accord considerable weight to the application, but it is not in any way bound thereto. It should make an independent evaluation, taking into consideration all relevant factors. If the trial court finds the application reasonable, it should be granted, but, if it is found to be frivolous, unreasonable, unnecessary for an adequate defense, or without underlying factual support, it should be denied. In either event, the trial court should specify on the record the granting or denial of such request together with the reasons therefor." *State v. Sahlie, supra*, at 480.

These guidelines are the same as developed by the Iowa Court in *State v. McGhee, supra*, except the Iowa Court imposed the additional requirement that the trial court afford defense counsel an opportunity to explain any factors which he may have considered in making his application.

The basic principles behind statutes similar to *W.Va. Code*, 51-11-8 are twofold. First, the recognition that an

indigent criminal defendant, in order to have the effective assistance of counsel, may require the assistance of one or more experts to assist counsel in the presentation of the defendant's case. *People v. Gunnerson,* 74 Cal.App.3d 370, 141 Cal.Rptr. 488 (1977); *Hintz v. Beto,* 379 F.2d 937 (5th Cir. 1967); *State v. Rust,* 46 N.J. 399, 217 A.2d 441 (1966); *State v. Madison,* ____ La. ____, 345 So.2d 485 (1977). Second, the more general ground that basic due process fairness demands that an indigent should not be deprived of the ability to have relevant expert testimony to counter the state's experts. See *Robinson v. Pate,* 345 F.2d 691 (7th Cir. 1965); *State v. Taylor,* 202 Kan. 202, 447 P.2d 806 (1968); *State v. Chapman,* 365 S.W.2d 551 (Mo. 1963). It is obvious that where the prosecution's case encompasses expert testimony on matters which are in dispute, a defense attorney representing an indigent is seriously handicapped in his ability to effectively represent the defendant if he is not permitted to retain comparable experts.

We believe that the foregoing procedural standards provide an orderly method for determining whether the payment of additional expert fees is authorized under *W.Va. Code,* 51-11-8. We therefore hold that a request for additional expert fees under *W.Va. Code,* 51-11-8: (1) should be made in writing; (2) the request should detail why the expert is needed; (3) defense counsel should be permitted an opportunity to elaborate on the motion; and (4) in denying the motion, the trial judge should place in the record the specific reasons for his ruling.

In evaluating the motion, the trial judge should accord considerable weight to the representations in the defense counsel's motion but he should also engage in independent inquiry as to the need for the expert if he believes that such inquiry is necessary. In ruling on the motion, the trial judge should grant it if he determines that the assistance of the expert is reasonably necessary to defense counsel's development of a relevant issue in the case. Obviously, the defendant is not entitled to an expert on a collateral or frivolous issue.

In the present case it is understandable that the foregoing standards were not followed since we had not developed them in any prior case. We are, therefore, issuing a moulded writ directing that the trial court hold a further hearing in accordance with these standards to determine the question of the award that should be allocated in excess of the statutory maximum for experts in this case.[2]

Finally, it should be stressed that while we have accepted this issue under our original jurisdiction powers, this was done in order to resolve a substantial issue of considerable importance in the trial of criminal cases. In the future this type of issue like motion in limine rulings of a trial court are not reachable by an original writ of mandamus or prohibition. As we stated in *State v. Milam*, ___ W.Va. ___, 260 S.E.2d 295, 301 (1979), in regard to in camera hearings on the voluntariness of a confession, where "the trial court exercises a fact-finding function, . . . his decision is interlocutory and therefore not appealable nor controllable by a writ of prohibition." See also, *State ex rel. Hinkle v. Black*, ___ W.Va. ___, 262 S.E.2d 744 (1979).[3]

We do recognize as have other courts that where good cause has been shown for an expert and the trial court has arbitrarily refusd the authorization for retaining one, this may result in reversible error. *United States v. Chavis, supra; United States v. Bass, supra; State v. Sahlie, supra; State v. McGhee, supra.*

For the foregoing reasons a moulded writ is issued to permit the trial court to conduct a good-cause hearing

---

[2] In considering the question of experts the trial court should give consideration to the availability of experts comparable to those to be used by the State in the geographical area where the case is to be tried. Obviously local experts are preferable unless their backgrounds and training are far inferior to the State's experts'.

[3] For this reason we decline to discuss defendant's other grounds which relate to various pretrial rulings made by the court in connection with motions to suppress and other matters dealing in the substantive area of the case. These are reviewable in the event of an appeal.

for retention of experts in accordance with the standards set forth herein. Upon the completion of a hearing the writ will be dissolved.

*Writ as moulded,*
*awarded.*