STATE EX REL. ROBERT MEADE LEACH

*v.*

THE HONORABLE JOHN M. HAMILTON, JUDGE, *etc.*

(No. 15198)

Decided June 23, 1981.

*Askin & Burke* and *Steven M. Askin* for relator.

*Chauncey H. Browning,* Attorney General, *Victor A. Barone,* Deputy Attorney General, for respondent.

PER CURIAM:

This is a proceeding for a writ of prohibition and for a writ of mandamus brought by Robert Meade Leach who is presently awaiting trial on a charge of first degree murder in the Circuit Court of Hardy County. As an indigent, relator seeks to compel respondent to authorize the expenditure of funds for his defense in excess of the $500.00 statutory limit. Specifically, the funds are to be used to conduct a public opinion poll in Hardy County, to procure the services of two psychiatrists and a doctor of clinical psychology, and to secure the presence of four nonresident witnesses.

The relator was indicted for the murders of both Susan Milliker and Mark Sager. A motion for separate trials was

granted; the first trial was held and on February 20, 1981, relator was convicted of first degree murder in the death of Susan Milliker and was sentenced to life without mercy.

Prior to the trial, relator employed Research Associates, Inc., to conduct a public opinion poll in Hardy County to determine whether a hostile sentiment against him sufficient to warrant a change of venue existed. The survey indicated that such sentiment did exist, but the circuit court concluded that the evidence was not reliable and disregarded it.

During the trial, defense counsel sought to establish that the relator was insane and lacking in criminal responsibility at the time the homicides were committed. In support of this defense, relator retained three witnesses with his own funds: Dr. Berry Rudnick, a Maryland psychiatrist; Dr. Hiram Sizemore, a psychiatrist from Shepherdstown, West Virginia; and Dr. Leroy Stone, a doctor of clinical psychology. Although the specific testimony from the trial is not quoted in the petition, it appears that all three experts concluded that the relator was suffering from a mental disease and lacked substantial capacity to conform his conduct to the law or was unable to appreciate the wrongfulness of his conduct.

On March 13, 1981, prior to the date his second trial was scheduled to begin, relator filed a Motion for Additional Expenses. He represented that he still owed certain sums of money to Research Associates, Inc., Dr. Sizemore, and Dr. Stone, and that each of the three medical witnesses and a spokesman for the research company had informed him that their services and/or appearances in court could not be obtained without advance payment. The total fees requested would be in excess of $3,000.00. In addition, the relator noted that it had been necessary for him to subpoena four nonresident witnesses in the first trial and to pay each of them in advance. To guarantee their presence at his second trial, relator would be required to pay them $100.00 each. Therefore, he requested that an order be entered allowing his counsel to spend in excess of the $500.00 statutory limit. The court denied the motion on the ground that there had been no showing of "good cause."

W.Va. Code, 51-11-8, which provides for the compensation of attorneys for services and expenses incurred by them in connection with the defense of an indigent, states in pertinent part:

> "Expenses of the attorney in rendering such services, including, but not limited to, necessary expenses for travel, transcripts, investigative services and expert witnesses, shall be reimbursed to a maximum of five hundred dollars, unless the attorney, for good cause shown to the court, shall have received advance approval to incur expenses for a larger sum."

The relator contends that his counsel had shown good cause for additional sums of money to pay for the expert witnesses and the public opinion survey and that the trial court abused his discretion in ruling to the contrary.

We recently addressed this issue in *State ex rel. Foster v. Luff*, 164 W.Va. 413, 264 S.E.2d 477 (1980), where we set forth the procedural standards for determining whether a motion for additional expenses should be granted under *W.Va. Code*, 51-11-8. We held in Syllabus Point 2:

> "In evaluating a motion under *W.Va. Code*, 51-11-8 for additional expert fees, the trial judge should accord considerable weight to the representations in the defense counsel's motion, but should also engage in independent inquiry as to the need for the expert if he believes that such inquiry is necessary. In ruling on the motion, the trial judge should grant it if he determines that the assistance of the expert is reasonably necessary to defense counsel's development of a relevant issue in the case."

Although we issued a moulded writ in *Foster* and directed the trial court to hold a good cause hearing in accordance with the standards set forth in that opinion, we admonished:

> "[I]t should be stressed that while we have accepted this issue under our original jurisdiction powers, this was done in order to resolve a substantial issue of considerable importance in the

trial of criminal cases. In the future this type of issue, like trial court rulings on motions *in limine* is not reachable by an original writ of mandamus or prohibition . . . .

"We recognize, as have other courts, that where good cause has been shown for retaining the services of an expert, but the trial court has arbitrarily refused, reversible error may result. . . ." *Id.*, 264 S.E.2d at 481.

A trial court's decision as to whether good cause has been established under *W.Va. Code*, 51-11-8 for incurring expenses in excess of the five hundred dollar statutory maximum provided for the defense of a criminal case ordinarily involves questions of fact, and is interlocutory in nature, and therefore is not reachable by an original writ of mandamus or prohibition, but may be assigned as error on appeal.

Accordingly, we decline to reach the merits of the case before us, and the Writ of Prohibition/Mandamus prayed for is hereby denied.

*Writ denied.*