455 S.E.2d 575

**STATE of West Virginia ex rel. Aristides ROJAS, Petitioner,**

v.

**Honorable Christopher C. WILKES, Judge of the Circuit Court of Berkeley County, and Pamela Games–Neely, Prosecuting Attorney for Berkeley County, Respondents.**

No. 22599.

Supreme Court of Appeals of West Virginia.

Submitted Jan. 10, 1995.

Decided Feb. 23, 1995.

Kevin D. Mills, Martinsburg, for petitioner.

John M. Hedges, Byrne & Hedges, Morgantown, for respondents.

FOX, Judge: [1]

The issue in this case is whether a criminal defendant who is personally indigent is entitled to public funds for expert assistance deemed essential to an effective defense after a third party provides financial assistance which enables the defendant to have the benefit of private counsel.

The petitioner, Aristides Rojas, age 23, was indicted in May, 1994, for the felony of murder of the first degree. He is presently incarcerated and unable to make bail.

Following his indictment, the petitioner filed a financial affidavit alleging indigent status and requesting the appointment of publicly funded counsel. The respondent, Christopher Wilkes, Judge of the Circuit Court of Berkeley County, West Virginia, granted the request and appointed a public defender as counsel for the petitioner. On 25 August 1994, the petitioner's family privately retained attorney Kevin D. Mills as petitioner's counsel. The petitioner's family obtained the necessary funds from a bank loan and donations from their church.

On 23 September 1994, the petitioner moved the trial court for authorization of expert witness expenditure or, alternatively, for appointment of publicly funded co-counsel. Following a hearing on 26 September 1994, the court denied petitioner's motion. In an order entered 30 September 1994, the circuit court concluded, "[b]y choosing to allow the substitution of counsel, [the defendant] has ... in the court's opinion divested himself of the right to have costs associated with his representation paid for by the State...." The court also stated, "[a]lthough the defendant remains indigent, he has no right under law to have co-counsel

1. Pursuant to an administrative order entered by this Court on 18 November 1994, the Honorable Fred L. Fox, II, Judge of the Sixteenth Judicial Circuit, was assigned to sit as a member of the West Virginia *Supreme Court of Appeals* commencing 1 January 1995 and continuing through 31 March 1995, because of the physical incapacity of Justice W.T. Brotherton, Jr. On 14 February 1995 a subsequent administrative order extended this assignment until further order of said Court.

appointed for him since his family has hired an attorney...."

The petitioner now seeks a writ of prohibition and asks this Court for relief from the circuit court's 30 September 1994 order.[2]

In a response and supporting memorandum filed by counsel on 23 December 1994, the respondent Judge Wilkes states, "[b]ased upon the fact that the petitioner has chosen to accept privately funded counsel in lieu of public defender representation, the Court determined that the petitioner had failed to demonstrate any reasonable basis or authority for the expenditure of public defender funds to augment privately retained counsel." Although the respondent acknowledges that "[i]n the strictest sense, the petitioner remains under indigent status in view of his own income and assets," the respondent nevertheless argues, "[o]nce the advance sum was paid by the petitioner's family members for his defense, this fund became a relevant factor in the determination of whether the petitioner was entitled to the expenditure of public funds."

■ We disagree with the respondent's contention that the funds with which the petitioner's family retained private counsel are relevant to petitioner's right as an indigent person to have necessary expert assistance provided at the State's expense. The petitioner's family members have no obligation to finance the petitioner's defense, and any funds they provide have no effect on his status as personally indigent.

West Virginia Code § 29–21–16(e) (1992) sets forth the following factors which a trial court may consider when determining a defendant's eligibility for appointed counsel: (1) current income; (2) liquid assets; (3) fixed debts; (4) employment expenses; (5) age and health; (6) whether the person has attempted to obtain private legal representation; (7) the cost of obtaining private counsel; (8) whether bond has been posted; and (9) the consequences if legal representation is denied.

In *State ex rel. Partain v. Oakley*, 159 W.Va. 805, 227 S.E.2d 314, 318 (1976), this Court explained that a defendant's affidavit alleging indigency must contain "more than mere conclusory language":

[T]he defendant must provide a showing, in sufficient detail, to permit the trial judge to consider factors, including but not limited to income, bank accounts, real or personal property owned, normal living expenses, outstanding debts, number of dependents, the seriousness of the charge and the effect of the criminal proceeding, and thereby to permit the trial court to make an independent determination on the issue of the defendant's ability to pay.

■ West Virginia Code § 29–21–16(f) (1992) also states, "[a]t any stage of the proceedings a circuit court may determine a prior finding of eligibility was incorrect or has become incorrect as the result of the affiant's changed financial circumstances, and may revoke any prior order providing legal representation." It therefore follows that under W.Va.Code § 29–21–16(f) (1992), a trial judge is permitted a continuing inquiry beyond a criminal defendant's financial affidavit requesting publicly funded legal counsel, and may question additional circumstances relating to the defendant's request for indigent status. If financial assistance provided by a third party makes it possible for an indigent criminal defendant to have the benefit of private counsel, subjects of judicial inquiry may include the source of the funds with which private counsel was retained, the terms of the legal representation agreement, and the reasonableness of the fee arrangement.

■ In this case, the petitioner's indigent status is not in dispute. Public funds for expert assistance are generally provided to an indigent upon a showing such assistance is essential to an adequate defense. In syllabus point 2 of *State ex rel. Foster v. Luff*, 164 W.Va. 413, 264 S.E.2d 477 (1980), this Court held:

In evaluating a motion under W.Va. Code, 51–11–8 for additional expert fees,

---

**2.** In addition to Judge Wilkes, the petitioner names Pamela Games–Neely, Prosecuting Attorney for Berkeley County, as a respondent.

the trial judge should accord considerable weight to the representations in the defense counsel's motion, but should also engage in independent inquiry as to the need for the expert if he believes that such inquiry is necessary. In ruling on the motion, the trial judge should grant it if he determines that the assistance of the expert is reasonably necessary to defense counsel's development of a relevant issue in the case.

In *Spain v. District Court of Tulsa County*, 882 P.2d 79 (Okla.Crim.App.1994), the Court of Criminal Appeals of Oklahoma recently addressed facts and issues similar to those raised in this case. The defendant Spain petitioned for an alternative writ of prohibition or mandamus, asking that the court vacate the lower court's order which denied him a copy of a transcript of the preliminary hearing at public expense. Spain was personally indigent, but his parents retained two attorneys for $15,000.00 and obligated themselves to pay additional attorney fees ranging from $10,000.00 to $40,000.00. Although the parents hoped to raise the money by mortgaging their house, they were uncertain about whether they could pay the attorneys in full, and they were unwilling to pay other expenses associated with their son's defense. The court held:

[T]he fact that Spain's parents were willing and able to retain counsel on his behalf has no bearing on Spain's status as an indigent, given his parents' unwillingness to provide any further financial assistance. Moreover, the District Judge indicated that Spain is personally indigent. Once the District Judge exercised his discretion and found that Spain was personally indigent, Spain became legally entitled to receive a copy of his preliminary hearing transcript at public expense.

*Id.* at 81.

In *Ex parte Sanders*, 612 So.2d 1199 (Ala. 1993), the Supreme Court of Alabama held an indigent defendant for whom a third party has retained legal counsel has a right to funds for expert assistance when the need for such assistance and its relevance to the defense theory is shown. After explaining

that the assets of friends and relatives who are not legally responsible for the defendant are not included within the assets referred to for purposes of determining indigency, the Supreme Court of Alabama stated:

If the assets of friends and relatives who are not legally responsible for the defendant are not included in determining a defendant's indigency, then the fact that a friend or relative pays for an indigent defendant's counsel should not be considered in determining whether the defendant is entitled to funds for expert assistance. The simple fact that the defendant's family, with no legal duty to do so, retained counsel for the defendant, does not bar the defendant from obtaining funds for expert assistance when the defendant shows that the expert assistance is necessary.

*Id.* at 1201.

In the case now before us, the trial judge was obviously concerned about the fact the private attorney accepted an unspecified fee as a retainer and then sought public funds to pay for additional defense expenses. However, once a defendant is qualified as an indigent person, and so long as he truly remains indigent, he is entitled to public funds for expenses associated with his defense.

We conclude that financial assistance provided by a third party which enables an indigent criminal defendant to have the benefit of private counsel is not relevant to the defendant's right to have expert assistance provided at public expense. A criminal defendant who qualifies as an indigent person is entitled to receive publicly funded expert assistance deemed essential to conducting an effective defense.

For the reasons set forth above, we grant the petitioner's request for a writ of prohibition. The respondent Judge Wilkes is directed to conduct a hearing as to the petitioner's need for expert assistance at trial.[3] Upon a finding of necessity, expert assistance shall be provided pursuant to W.Va.Code § 29–21–1, *et seq.*

Writ granted as moulded.

---

**3.** *See State ex rel. Foster v. Luff, supra.*